GLADYS LUCAS

*v.*

FRANK PHILLIPS, Individually and D/B/A FRANK PHIL-
LIPS PRODUCE COMPANY.

(*Nashville,* December Term, 1956.)

Opinion filed July 29, 1957.

Rehearing denied Dec. 6, 1957.

IRVING M. STRAUCH, Memphis, STRAUCH & JONES, Mem-
phis, of counsel, for plaintiff in error.

JOHN J. COWAN, Memphis, for defendant in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Mrs. Lucas, a resident of Memphis, sued another such resident, Frank Phillips, individually and in his trade name, for injuries resulting from the allegedly negligent operation upon a highway of Arkansas of a truck owned by Phillips, and being operated at the time, so the declaration alleged, on his business by his servant, while she, the plaintiff, was riding as a guest therein.

Phillips plead in abatement that the person driving the truck as the servant of Phillips was, and still is, the husband of plaintiff at the time she was "riding as a guest in the vehicle described in her declaration"; "that plaintiff's declaration should be dismissed".

The case comes to this Court upon the appeal in error of Mrs. Lucas from the action of the Trial Court in sus-

taining this plea, it having been admitted in that Court that the fact averments of the plea are true.

All parties concede that the law of Arkansas controls the disposition of the case. Therefore, this Court, pursuant to the authority of our Code Section 24-608, has informed itself as best it can as to what the law of Arkansas is on the issues in the case.

■ The first question, of course, is whether in Arkansas a married woman may sue her husband for an injury caused by the negligent act in Arkansas of her husband. For, if she can, then she may sue his master under the allegations of this declaration.

The Supreme Court of Arkansas answered this question in the affirmative in the case of *Katzenberg v. Katzenberg*, 183 Ark. 626, 37 S.W.2d 696. In so holding, it observed that under the Arkansas Married Woman's Emancipation Statute a married woman was given "all the rights in law and equity accorded a feme sole", and that in respect to those rights she may sue her husband for injuries resulting from his tort.

The Katzenberg case was decided in 1931. Phillips' insistence is that Section 75-915 of the Arkansas Code, being a statute enacted in 1935, "provides that a wife cannot sue her husband for injuries arising out of an automobile accident"; hence, that the Katzenberg decision was thereby nullified. This and the two immediately preceding code sections carry the guest statute of Arkansas. They read as follows:

"75-913. Action by guest prohibited except in case of wilful negligence. — No person transported as a guest in any automotive vehicle upon the public high-

ways of this State shall have a cause of action against the owner or operator of such vehicle for damage on account of any injury, death or loss occasioned by the operation of such automotive vehicle unless such vehicle was wilfully and wantonly operated in disregard of the rights of the others.

"75-914. Guest defined.—The term guest as used in this act (secs. 75-913, 75-914) shall mean self-invited guest or guest at suffrance.

"75-915. Action by relatives riding in motor vehicle as a guest prohibited.—No person transported or proposed to be transported by the owner or operator of a motor vehicle as a guest, without payment for such transportation, nor the husband, widow, executors, administrators or next of kin of such person, shall have a cause of action for damages against such owner or operator, or other persons responsible for the operation of such car, for personal injury, including death resulting therefrom, by persons while in, entering, or leaving such motor vehicle, unless such injury shall have been caused by the wilful misconduct of such owner or operator. And in no event shall any person related by blood or marriage within the third degree of consanguinity or affinity to such owner or operator, or the husband, widow, legal representative, or heirs of such person, have a cause of action for personal injury, including death resulting therefrom, against such owner or operator while in, entering, or leaving such motor vehicle, provided this act (section) shall not apply to public carriers."

The Arkansas Supreme Court decided *Roberson v. Roberson,* 193 Ark. 669, 101 S.W.2d 691 in 1937. Therein

the Court said with reference to the above quoted code sections "that a wife riding in her husband's car at his invitation is a 'guest' within the meaning of these statutes is not questioned." 101 S.W.2d at page 962. And then, taking note of the Katzenberg case, supra, said this:

"We are asked to reconsider and overrule the Katzenberg case upon the ground that it is contrary to the great weight of authority upon the right of the wife to sue her husband for his negligent injury of her. Many cases are cited in support of his contention. If it be true, as appellant contends, that this case is contrary to the weight of authority, it may be said that in several, at least, of the states whose holdings on the subject are not in accord with our Katzenberg case, there is absent statutes emancipating married women from the disabilities incident to coverture as broad as those of this state on that subject. The Katzenberg case cites Act No. 159 of the Acts of 1915 (page 684) and Act No. 66 of the Acts of 1919 (Page 36) of the General Assembly of this state, (the aforementioned Emancipation Statute) and that decision is based upon what was thought to be the proper interpretation and application of those acts. We think no error was made in this respect, and the suggestion that we overrule the Katzenberg case is, therefore, denied." 101 S.W.2d at pages 962-963.

As this Court understands the holding in *Roberson v. Roberson*, supra, it is that the Arkansas Code Section 75-915 does not prevent a wife from maintaining an action against her husband for a negligent act committed by him in Arkansas, and reaffirms the holding in the Katzenberg case.

Aside from that holding, we see nothing in the language of this code section which prevents a wife, because she is such, from suing her husband for injuries received by reason of his negligence in the operation on an Arkansas highway of an automobile in which she is riding as a guest.

In 1938 the Arkansas Supreme Court in *Rambo v. Rambo,* 195 Ark. 832, 114 S.W.2d 468, 470, was considering the question of whether an unemancipated minor could maintain an action against his father for an involuntary tort. It was urged upon the Court that the Katzenberg decision authorized such a suit. The Court, in rejecting that insistence, said that "there is no statute in this state authorizing an unemancipated minor to maintain an action for an involuntary tort against the father". This seems to inferentially mean a reaffirmance of the holding in the Katzenberg case that a wife by reason of the emancipation statute may maintain an action against her husband in Arkansas for a tort occurring there.

So far as we have been able to find,—and we have "Shepardized" it—no decision of Arkansas has overruled the Katzenberg case. It appears to be the law of that state. Its holding was re-affirmed by the Supreme Court of Arkansas on March 25, 1957 in *Leach v. Leach,* 227 Ark. 599, 300 S.W.2d 15.

It follows that the Trial Court was in error in sustaining this plea in abatement unless the allegations of the declaration fall within the prohibition of the guest statute of Arkansas carried in the Code Sections hereinbefore quoted. As noted, *Roberson v. Roberson,* supra,

holds that a wife is a guest within the meaning of these code sections.

Section 75-915 prohibits a person riding as a guest in an automobile from maintaining an action against the owner or operator of such vehicle for injuries resulting from negligence in such operation "unless such injury shall have been caused by the wilful misconduct of such owner or operator". The language of 75-913 is "unless such vehicle was wilfully and wantonly operated in disregard of the rights of others". The judgment obtained by the wife in the Roberson case, supra, against her husband was reversed because, to quote from the decision,

"* * * it not being alleged or shown that appellant had willfully and wantonly operated his car in disregard of the rights of others".

■ The declaration of Mrs. Lucas does charge her husband with "willfully and wantonly operating said vehicle in willful and utter disregard of the rights of others", and charged that such conduct to have been the proximate cause of her injuries. It, therefore, follows that the declaration of Mrs. Lucas states a cause of action under the Arkansas Guest Statute.

Reversed and remanded with costs of the appeal adjudged against Mr. Phillips.