PERLICK, Plaintiff and Respondent, vs. COUNTRY MUTUAL CASUALTY COMPANY, Defendant and Appellant.

INTEGRITY MUTUAL CASUALTY COMPANY, Plaintiff and Respondent, vs. CARPENTER, Defendant and Respondent: COUNTRY MUTUAL CASUALTY COMPANY, Defendant and Appellant.

*January 7—February 5, 1957.*

For the appellant there was a brief by *Godfrey, Godfrey & Warren* of Elkhorn, and oral argument by *Thomas G. Godfrey*.

For the respondents there was a brief by *Burlingame, Gibbs & Roper* of Milwaukee, and oral argument by *Richard S. Gibbs* and by *Roy E. Berg* of Janesville.

WINGERT, J. The facts are undisputed. It is conceded that the "no action" and "household exclusion" provisions of the insurance policy issued by Country Mutual to Carpenter in Illinois were valid under the laws of that state, and if available to the company in the present actions arising out of the accident in Wisconsin, would require that the pleas in abatement and in bar be sustained. Hence the only question on these appeals is whether the "no action" clause, and that portion of the "household exclusion" clause excluding liability to the wife of the insured, were effective at the time of the accident with respect to an action in Wisconsin arising out of an accident occurring in Wisconsin.

The "no action" clause of Carpenter's insurance contract was as follows:

". . . no action shall lie against the company to recover upon any claim or for any loss under section 1 unless brought after the amount of such claim or loss shall have been fixed and rendered certain either by final judgment against the insured after trial of the issue, or by agreement between the parties with the written consent of the company, . . ."

Such a provision cannot effectively be included in an insurance policy issued in Wisconsin, because it would be violative of the public policy of the state expressed in sec. 260.11 (1), Stats. *Lang v. Baumann,* 213 Wis. 258, 266, 251 N. W. 461; *Oertel v. Fidelity & Casualty Co.* 214 Wis. 68, 71, 251 N. W. 465.

The "household exclusion" clause read thus:

"The company shall not be liable . . . for:
"(2) Injuries sustained by . . . (e) the insured or any member of the immediate family of the insured or anyone residing in the same household as the insured."

The inclusion of such a provision in a policy issued in this state, in so far as it relates to the wife of the insured, is prohibited by sec. 204.34 (2), Stats., which provides that no policy of insurance of the kind in question, issued in this state, "shall exclude from the coverage afforded or the provisions as to the benefits therein provided persons related by blood or marriage to the assured." While a provision such as that in Carpenter's policy has been held valid in a Wisconsin policy in so far as it excluded liability for injuries sustained by the named insured, *Frye v. Theige,* 253 Wis. 596, 601, 34 N. W. (2d) 793; *Havlik v. Bittner,* 272 Wis. 71, 74, 74 N. W. (2d) 798, those decisions relate only to the named insured, and in no way qualify the positive prohibition in sec. 204.34 (2).

This court having held in *Ritterbusch v. Sexmith,* 256 Wis. 507, 515, 41 N. W. (2d) 611, that a no-action clause valid in the state in which the policy is issued is effective in Wisconsin, we assume for present purposes that in the absence of a waiver or estoppel, both of the policy provisions now before us would be effective in this state, since they are concededly valid in Illinois where the insured resided, the Insurance Company was incorporated and did business, and the policy was issued. It may be noted, however, that certain constitutional doubts which weighed heavily in the *Ritterbusch* decison have since been removed by the decision of the supreme court of the United States in *Watson v. Employers Liability Corp.* 348 U. S. 66, 75 Sup. Ct. 166, 99 L. Ed. 74.

Nevertheless such policy provisions may be waived by the insurer, and we think they were waived in the present case. The trial court so held.

By ch. 375, Laws of 1945, the legislature enacted the statute entitled Motor Vehicle Safety Responsibility Act, which became sec. 85.09, Stats., and remains in effect with numerous amendments. Some of its provisions are summarized in *Laughnan v. Griffiths,* 271 Wis. 247, 256, 73 N. W. (2d) 587. Sub. (5) which appears in the statutes under the heading, "Safety Responsibility Law" provides that if a nonresident operator of a motor vehicle is involved in an accident, his privilege of driving in this state shall be suspended unless he shall deposit security for the payment of any judgment for damages resulting from such accident that may be recovered against him; but that provision does not apply if the owner of the vehicle had in effect at the time of the accident an automobile liability policy with respect to the motor vehicle involved in the accident (sub. (5) (b)), having certain minimum policy limits and issued by an insurance company which, if not licensed in this state, has executed a power of attorney authorizing the commissioner

to accept service of process in any action on the policy arising out of the accident (sub. (5) (c)).

Sub. (17) of sec. 85.09, Stats., following the heading, "Financial Responsibility Law," provides that whenever the commissioner suspends or revokes a nonresident's operating privilege by reason of a conviction or forfeiture of bail, such privilege shall remain suspended or revoked unless such person shall have previously given or shall immediately give proof of financial responsibility, *i. e.,* ability to respond in damages within specified limits for liability arising out of a future motor vehicle accident.

By sub. (20) (a) of sec. 85.09, Stats., proof of financial responsibility of a nonresident will be accepted if in the form of a certificate of an insurance carrier licensed in the state in which the motor vehicle is registered, provided the company shall execute a power of attorney authorizing the motor vehicle commissioner to accept service on its behalf of notice or process in any action arising out of a motor vehicle accident in this state, and shall agree in writing that such policy shall be deemed to conform with the laws of this state relating to the terms of motor vehicle policies issued herein.

It will be noted that sub. (5) of sec. 85.09, Stats., relates to security for payment of damages resulting from an accident which has already occurred, while sub. (17) is concerned with financial responsibility with respect to future accidents. *Havlik v. Bittner,* 272 Wis. 71, 74, 74 N. W. (2d) 798.

By this legislation a nonresident driver who has an accident in Wisconsin may lose the privilege of continuing to drive in this state unless (1) he deposits security or proof of financial responsibility, which may be burdensome or impossible, or (2) he is covered by insurance which meets certain requirements, issued by an insurer who has filed with the commissioner of motor vehicles a power of attorney to accept service of process. If the insurance is to be fully effective for all the purposes of the act, the insurance carrier

must have also filed an agreement in writing that its policies conform with the laws of Wisconsin (sub. (20) (a) 2 of sec. 85.09, Stats.).

In the presence of this legislation, and presumably to protect its policyholders against possible loss of their operating privileges in Wisconsin or the alternative burdens of furnishing security or proof of financial responsibility should they become involved in an accident or criminal offense while driving in this state, the appellant, Country Mutual Casualty Company, filed with the Wisconsin commissioner of motor vehicles, apparently in 1948, a power of attorney authorizing the commissioner to accept service of process on its behalf and for its insured in any action arising out of a motor vehicle accident in Wisconsin. This power of attorney, which was in effect on the date of Carpenter's accident, contained the following provisions:

"1. The Country Mutual Casualty Company (name of insurer) hereby applies to have its notices of insurance recognized as evidence of insurance of nonregistrants in Wisconsin.

"Certificates.

"2. That the governing executive authority has duly adopted a resolution providing that *its policies are varied to comply with the laws of this state relating to the terms of motor vehicle liability policies issued therein* under 85.09 of the Wisconsin statutes. . . .

"6. The insurer hereby undertakes to appear in any action or proceedings described in the foregoing power of which it has knowledge." (Italics supplied.)

At the same time, Country Mutual filed with the Wisconsin commissioner a certified copy of a resolution adopted by its board of directors in 1946, which began as follows:

"Whereas, it may become desirable or necessary for Country Mutual Casualty Company from time to time to file certificates of insurance or proof of responsibility for its policyholders in a number of states of the United States under

legislation of the respective states relating to the financial responsibility of drivers of motor vehicles therein, . . ."

After authorizing the filing of powers of attorney for service of process and certificates of insurance or proof of financial responsibility for its policyholders, in the "respective states," the resolution proceeded thus:

". . . in all cases where such a certificate of insurance or proof of financial responsibility is so filed in any such state, *the insurance policy* referred to in such certificate of insurance or proof of financial responsibility *shall be deemed to be varied to comply with the laws of the state* in which such certificate of insurance or proof of financial responsibility is filed *relating to the terms of a motor vehicle liability policy issued in said state. . . ."* (Italics supplied.)

After the Carpenter-Perlick accident occurred on November 20, 1952, Country Mutual filed with the Wisconsin commissioner of motor vehicles a so-called form SR–21, giving notice of the accident, the name of its insured, that his policy "is an automobile liability policy as defined in chapter 375, Laws of 1945, state of Wisconsin," and was in effect on the date of the accident.

We consider that the voluntary filing of these documents by Country Mutual was a waiver of the company's right to assert the no-action and household-exclusion provisions of Carpenter's policy in the present action. A waiver is the voluntary relinquishment of a known right. *Eau Claire Dells Imp. Co. v. Eau Claire,* 172 Wis. 240, 256, 179 N. W. 2; *Callaway v. Evanson,* 272 Wis. 251, 254, 75 N. W. (2d) 456. It requires no consideration and no prejudicial change of position in reliance on it, as in the case of estoppel. *Will of Rice,* 150 Wis. 401, 468, 136 N. W. 956, 137 N. W. 778. The act out of which the waiver is deduced must be an intentional act, done with knowledge of the material facts, but it is not necessary to prove an actual intent to waive. Such intent may be shown by conduct. *Pfeiffer v. Marshall,* 136

Wis. 51, 62, 116 N. W. 871. Even constitutional rights may be waived. *Booth Fisheries Co. v. Industrial Comm.* 185 Wis. 127, 132, 200 N. W. 775.

When Country Mutual, for the obvious purpose of obtaining the full benefits of the insurance for its policyholders while driving in Wisconsin, certified to the proper Wisconsin authority that its governing body had adopted a resolution that in all cases where a certificate of insurance is filed in this state, the policy "shall be deemed to be varied to comply with the laws of the state . . . relating to the terms of a motor vehicle liability policy issued in said state," and when it then filed such a certificate of insurance on SR–21 with respect to the particular driver and accident, we think all the elements of waiver were present. The company's acts were voluntary, they were intentional, they were done to obtain recognition of its policies in this state for the benefit of the policyholders, and they clearly evidenced intent to waive the policy provisions inconsistent with Wisconsin statutory requirements.

Country Mutual seeks to escape that conclusion by arguing that the filings were made in Wisconsin for the purpose of complying with the "Safety Responsibility Law," sec. 85.09 (5), Stats., rather than the "Financial Responsibility Law," sec. 85.09 (17) ; that sub. (5) does not forfeit the operating privilege of a nonresident if "an automobile liability policy" is in effect with respect to the motor vehicle involved in the accident; and that such policy is sufficient if it meets the requirements specifically mentioned in sub. (5) (c). Unlike sub. (20) which expressly requires policies to conform with the laws of Wisconsin relating to "motor vehicle liability policies" in order to be acceptable as proof of financial responsibility, sub. (5) does not in terms make the same requirement of compliance with Wisconsin law. Country Mutual urges that since sec. 85.09 (5) (b) requires only "an automobile liability policy" to exempt the nonresident operator from risk of loss of his driving privileges, whereas

secs. 85.09 (20), 260.11 (1), and 204.34 (2) speak in terms of insurance of "motor vehicles" and "motor vehicle liability policies," something less is required in the way of coverage by sub. (5) than by those other provisions.

We are not prepared to hold that the use of the word "automobile" in the context of sec. 85.09 (5), Stats., instead of the broader term "motor vehicle" used elsewhere, is significant of intent to require something less in the way of insurance coverage in sub. (5) than if the words "motor vehicle liability policy" had been used; nor that a liability policy need meet no other requirements than those specified in sub. (5) (c) in order to exempt the owner from the security requirements of sub. (5) (a). The only coverage requirement of sub. (5) (c) specifies dollar policy limits, and according to Country Mutual's argument, a policy with the required dollar limits would exempt the owner from posting security for the payment of any judgment rendered against him as the result of a prior accident, even though the policy is full of exceptions which might render it quite ineffectual to afford any real protection or security to the injured party. That would be inconsistent with the intent manifested by the alternative provision in sub. (5) (b) 3, that the requirement for posting security shall not apply *"if the liability* of such operator or owner for damages resulting from such accident *is,* in the judgment of the commissioner, *covered* by any other form of liability insurance policy." No reason appears why the legislature should have accepted narrower insurance coverage in lieu of a deposit of security for payment of damages in an accident which has already happened, than for a future accident.

However, we need not pass on the question whether an insurance policy which contains a no-action clause or a limitation of coverage in conflict with sec. 204.34 (2), Stats., is effective to exempt a nonresident from revocation of operating privileges under sec. 85.09 (5), for the power of attor-

ney and resolution filed by Country Mutual are not limited to the precise requirements under sub. (5). Instead, they broadly provide that the company's policies are varied to comply with the laws of the state "relating to the terms of a motor vehicle liability policy issued in said state" (resolution) or "relating to the terms of motor vehicle liability policies issued therein under 85.09" (power of attorney). Secs. 260.11 (1) and 204.34 (2) relate to the terms of a motor vehicle liability policy issued in Wisconsin. The terms of the documents, particularly the resolution, indicate that the company sought to protect its policyholders traveling in Wisconsin from possible embarrassment under either the Safety Responsibility or Financial Responsibility Laws, and that would appear to be the natural purpose. We consider that the waiver evidenced by the terms of the documents extends to the no-action clause and the clause excluding liability to the wife in the policy now in suit.

Country Mutual seeks to escape the broad terms of the filed documents by arguing that it furnished the power of attorney on a printed blank submitted by the commissioner of motor vehicles and that the commissioner exceeded his statutory authority in inserting such broad language in the blank. Sufficient answers to that argument are that the company filed the papers voluntarily, that it was not licensed in this state and was not subject to any legal compulsion to file them, that the printed form left a blank space after paragraph 2 in which there might have been written exceptions to the broad statement that the company's policies are varied to comply with the laws of the state but Country Mutual inserted no exceptions and therefore must be taken to have subscribed to the paragraph without qualification, and finally that the resolution was apparently a typed document, not shown to be on any prescribed form, and was obviously designed for filing in other states as well as Wisconsin.

We do not pass on the question whether the filing of only the power of attorney and resolution would have effected a waiver, or whether the filing of the SR–21 is essential to a waiver, as held in *Petrowski v. Hawkeye-Security Ins. Co.* (7th Cir.), 226 Fed. (2d) 126. Here an SR–21 was filed.

*By the Court.*—Orders affirmed.