PINKERTON, Respondent, v. UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellant.

*September 9—October 7, 1958.*

For the appellant there was a brief by *Herrick & Sigl* and *Kenneth L. Sigl,* all of Eau Claire, and oral argument by *Kenneth L. Sigl.*

For the respondent there was a brief by *Riley & Wahl* and *Stevens L. Riley,* all of Eau Claire, and oral argument by *Stevens L. Riley.*

BROWN, J.   Plaintiff sues for damages which he alleges
he sustained on September 1, 1957, because of the negligence
of an automobile driver whom the defendant had insured
against liability for such negligence.   Defendant admits in-
surance coverage but shows by affidavit that its insurance
policy contains a clause providing that action shall not lie
against the company until the amount of the insured's obli-
gation to pay shall have been finally determined by judg-
ment against the insured after actual trial.   This is commonly
known as a "no-action clause" and is a provision legally
acceptable in the states where the policy was written and
delivered though it is not permitted in automobile liability
insurance policies written in the state of Wisconsin.   Sec.
260.11 (1), Stats.   Plaintiff's action is against the Insur-
ance Company alone and the company contends that the no-
action clause makes the suit premature and entitled it to
have the action dismissed.

Defendant is a foreign corporation not licensed to do
business in Wisconsin.

In a series of cases, and particularly in *Perlick v. Country
Mut. Casualty Co.* (1957), 274 Wis. 558, 80 N. W. (2d)
921, we held that an insurer who had filed with the Wiscon-
sin department of motor vehicles an SR-21 and an agree-
ment in writing that its policy should be deemed to conform
to the laws of this state had waived the "no action" policy
defense.

Defendant relies on sec. 344.15 (5), Stats., which was
enacted and became effective in July, 1957, after the *Perlick*
decision.   It reads:

"Nothing in this chapter shall be construed to impose any
obligation not otherwise assumed by the insurance company
or surety company in its automobile liability policy or bond
except that if no correction is made in the report within
thirty days after it is mailed to the insurance company or
surety company, the company, except in case of fraud, when-

ever such fraud may occur, is estopped from using as a defense to its liability the insured's failure to give permission to the operator or a violation of the purposes of use specified in the automobile liability policy or bond or the use of the vehicle beyond agreed geographical limits."

The accident with which we are concerned took place September 1, 1957. Defendant cites a scholarly article by Walter M. Bjork of Madison, entitled "The New SR-21 Look in Wisconsin," published in the February, 1958, issue of the Wisconsin Bar Bulletin, pp. 12, 21. The author's conclusions quoted in the defendant's brief are:

"It is obvious from the above-quoted section that the insurance company by its correction and filing of the SR-21 may be estopped from using as a defense either lack of permission, violation of use, or use beyond geographical limits. These appear to be the only defenses which an insurance company may lose under the new SR-21 law. Therefore, the results in at least *Perlick,* and *Henthorn* have been reversed by the enactment of the above-quoted statute."

With all respect to counsel and the learned author we cannot entirely agree in their conclusions respecting the effect of sec. 344.15 (5), Stats., at least to the extent to which defendant now wishes to carry them.

The statutes pertaining to security for the payment of damages for past accidents if revocation of driving privileges is to be avoided are secs. 344.12 to 344.22, Stats. They are known as the Safety Responsibility Law (sec. 344.22), and they do not require an insurer who is concerned only with protecting its assured in a past accident to agree that the insurance policy be interpreted to conform to the laws of Wisconsin relating to terms of such policies written in this state. However, some nine years before this accident, on June 23, 1948, this defendant, who was not then required to do so, filed with the motor vehicle department a company resolution stating that "in all cases wherein a certificate is filed

under said law by the United Services Automobile Association, the insurance policy, declared by said certificate, shall be deemed to be varied to comply with the laws of Wisconsin." After the accident the defendant filed the certificate contemplated by the foregoing resolution (an SR-21) declaring that it had a liability policy protecting the driver whose alleged negligence caused the collision.

Thus, long before the accident the defendant had voluntarily agreed that any policy which it should thereafter certify by an SR-21, which of course means this policy, is to be treated as one complying with the laws of Wisconsin.

One of such laws is sec. 260.11 (1), Stats., which contains the following:

". . . In any action for damages caused by the negligent operation, management or control of a motor vehicle, *any insurer of motor vehicles,* which has an interest in the outcome of such controversy adverse to the plaintiff or any of the parties to such controversy, or which by its policy of insurance assumes or reserves the right to control the prosecution, defense, or settlement of the claim or action of the plaintiff or any of the parties to such claim or action, or which by its policy agrees to prosecute or defend the action brought by the plaintiff or any of the parties to such action, or agrees to engage counsel to prosecute or defend said action, or agrees to pay the costs of such litigation, *is by this section made a proper party defendant in any action brought by plaintiff on account of any claim against the insured."* (Our italics.)

The no-action clause of the present policy, valid where the policy was written and delivered but void if included in an automobile liability policy written in Wisconsin, may, of course, be waived by the company writing the policy. We consider the resolution filed with the motor vehicle department stating that the defendant's policy "shall be deemed to be varied to comply with the laws of Wisconsin," which includes compliance with sec. 260.11 (1), Stats., was a

waiver of whatever the policy might contain inconsistent with the direct and immediate right of action against the insurer granted by that statute, *supra*.

The obligation to stand suit in accordance with sec. 260.11 (1), Stats., which the company avoided by the no-action clause in its policy as that was written is not imposed by anything in ch. 344, Stats., as forbidden by sec. 344.15 (5). It is an obligation which, in the words of this statute, is "otherwise assumed" by the company in its policy, as that policy is deemed to be varied, in accordance with defendant's resolution filed with the motor vehicle department before the accident and never withdrawn.

Mr. Bjork's valuable article analyzing the SR-21 decisions of this court concludes with this caution:

"Even with the change in the SR-21 law of Wisconsin, the MVD filings may still affect exclusions which would not be valid in Wisconsin policies." Wisconsin Bar Bulletin, February, 1958, p. 22.

This appeal presents an example of a policy exclusion which is thus affected, that is, waived, by the motor vehicle department filings voluntarily presented by the defendant to the state agency.

*By the Court.*—Order affirmed.

MARTIN, C. J., took no part.