DONAHUE, Respondent, v. BANNER MUTUAL INSURANCE COMPANY, Appellant.*
KOROLOVICH, Respondent, v. SAME, Appellant.*

*April 4—April 30, 1963.*

* Motion for rehearing denied, with $25 costs, on June 28, 1963.

72

"...

"..."

For the appellant there was a brief by *Otjen, Philipp & McFadyen,* attorneys, and *Ernest J. Philipp* of counsel, all of Milwaukee, and oral argument by *Ernest J. Philipp.*

For the respondents there was a brief by *Godfrey, Godfrey & Neshek* of Elkhorn, and oral argument by *Alfred L. Godfrey.*

FAIRCHILD, J.   Paragraph 5 of the power of attorney is unequivocal and appoints the commissioner attorney-in-fact to accept service in any action arising out of a motor vehicle accident in Wisconsin.   Paragraph 1 of the authorizing resolution is equally broad, except that it contains a reference to sec. (presumably chapter) 344, Stats.   Considering these paragraphs alone, they authorize the service made in these cases.   No other portion of either document expressly limits the authority conferred in these paragraphs.   The sole question is whether some limitation is to be implied from the documents as a whole in the light of the statutes under which they were filed.

It is evident that the documents were filed in contemplation of both the Safety Responsibility Law, dealing with deposit of security for past accidents [1] and the sections dealing with proof of financial responsibility for the future.[2] Both documents contain references to ch. 344, Stats., and to both safety and financial responsibility.   Paragraph 5 of the power of attorney and paragraph 1 of the resolution authorize service in actions arising out of accidents occurring before their date as well as after.

[1] Sec. 344.12 to 344.22, Stats.
[2] Sec. 344.24 to 344.41, Stats.

The difficulty with the documents appears to arise from the attempt to prescribe one set of official forms to fulfil the requirements of either or both of two statutes which operate differently in important respects.

Under certain circumstances a person desiring to maintain his motor vehicle operating privilege and registrations is required to deposit proof of financial responsibility for the future. He may do so by filing a certificate of an insurance carrier authorized to do business in this state that there is in effect for his benefit a motor vehicle liability policy.[3] A nonresident owner of a vehicle registered in another state may file a certificate of an insurance carrier authorized to transact business in that state. Two conditions must be met with respect to the policy so certified: (1) The carrier must execute a power of attorney authorizing the commissioner to accept service on its behalf of notice or process in any action arising out of a motor vehicle accident in this state, and (2) the carrier must agree in writing that such policy shall be deemed to conform with the laws of this state relating to the terms of motor vehicle liability policies issued herein.[4]

If the references to safety responsibility had been stricken out, and the documents filed solely to facilitate the company's filing in the future of certificates under sec. 344.32, Stats., we would agree with counsel that the documents would become operative only upon later filing of a certificate.

These documents are not, however, restricted to certification under sec. 344.32, Stats., but refer also to "safety responsibility," although they also refer to "certificate of insurance coverage" and "notice of insurance" which have no meaning under the present Safety Responsibility Law.

[3] Sec. 344.31, Stats.
[4] Sec. 344.32, Stats.

The Safety Responsibility Law requires deposit of security and suspension for failure to do so on the part of the operator and owner of a motor vehicle involved in an accident in this state which has resulted in bodily injury or death or damage to property of another in excess of $100.[5] Such requirements do not apply where the owner or operator had in effect at the time of the accident an automobile liability policy meeting the requirements of sec. 344.15, Stats. Sec. 344.15 (2) provides that a policy with respect to a vehicle not registered in Wisconsin and not issued by a company authorized to do business in Wisconsin may be effective (as an exemption from the deposit requirement) if the policy has certain liability limits and if,

"The company which issued the policy or bond executes a power of attorney authorizing the commissioner to accept service on its behalf of notice or process in any action upon such policy or bond arising out of such accident." [6]

Thus a power of attorney fulfilling sec. 344.15 (2), Stats., may be limited to a particular policy and accident, but where authority as to actions arising out of all accidents, past and future, is granted the commissioner, it seems reasonable that the purpose of the insurance company is to fulfil the power-of-attorney requirement immediately as to any of its insureds who have been or might thereafter be involved in an accident in Wisconsin.

Sub. (4) of sec. 344.15, Stats., contemplates the filing with the commissioner of a driver's report of accident, and a claim of insurance coverage, if any. (Form SR–19 with SR–21 attached.) If claim of coverage is made, the SR–21 portion of the report is forwarded to the insurance company, and if it fails to notify the commissioner otherwise, he is to assume that the described policy was in effect and applied

---

[5] Secs. 344.12 to 344.14, Stats.
[6] Sec. 344.15 (2) (b), Stats.

to both owner and operator with respect to the accident. No driver's report was filed in this case, presumably because of Mr. Kasperski's death.

The company contends that its authorization of the commissioner to accept service did not become operative under sec. 344.15 (2) (b), Stats., until it should, by silence after notice of a claim of coverage in a driver's report, concede the existence of coverage of a particular accident. As previously stated, no such limitation is expressed, and we do not find sufficient reason for implication thereof.

We are aware that the result we reach is different from the conclusion of the court of appeals, Seventh circuit, in *Petrowski v. Hawkeye-Security Ins. Co.*[7] that a similar power of attorney was inoperative until the insurance company might activate it by filing a certificate of insurance. The Safety Responsibility and Financial Responsibility Laws were then found in sec. 85.09, Stats. 1953. Sec. 85.09 (5) (d) was part of the Safety Responsibility Law and provided: "Upon receipt of notice of such accident, the insurance company or surety company which issued such policy or bond shall furnish for filing with the commissioner a written notice that such policy or bond was in effect at the time of such accident." The court of appeals considered this notice as a certificate of insurance, which if filed would have varied the policy to comply with the Wisconsin law,[8] and seems to have concluded that it was illogical to give effect to the resolution and power of attorney for the purpose of conferring personal jurisdiction without giving them the effect of varying the policy and thus altering substantive rights even though no notice or certificate of insurance had been filed. Such notice, however, is no longer required with

---

[7] (7th Cir. 1955), 226 Fed. (2d) 126, reversed on other grounds (1956), 350 U. S. 495, 76 Sup. Ct. 490, 100 L. Ed. 639.

[8] We took the same view in *Perlick v. Country Mut. Casualty Co.* (1957), 274 Wis. 558, 566, 80 N. W. (2d) 921.

respect to the safety responsibility provisions (and was not required at the time the resolution and power of attorney under consideration were filed). As previously noted, silence of the insurance company in the face of notice that coverage is claimed entitles the commissioner to make certain assumptions, but it is also provided:

"Nothing in this chapter shall be construed to impose any obligation not otherwise assumed by the insurance company or surety company in its automobile liability policy or bond except that if no correction is made in the report within thirty days after it is mailed to the insurance company or surety company, the company, except in case of fraud, whenever such fraud may occur, is estopped from using as a defense to its liability the insured's failure to give permission to the operator or a violation of the purposes of use specified in the automobile liability policy or bond or the use of the vehicle beyond agreed geographical limits." [9]

We deem the power of attorney authorized the service made here on the commissioner and that the circuit court correctly decided that it has personal jurisdiction over the company in these actions. It follows from what has been said that when the merits are reached they will not be affected by the provisions of the resolution and power of attorney with reference to conforming policies to the laws of Wisconsin.

We note in passing that our statutes would have permitted the acquisition of personal jurisdiction over the company by personal service of summons on one of its officers, director, or a managing agent in Illinois. This action was begun after August 4, 1961.[10] The cause of action arose out of an event which occurred in this state and out of a promise by the company to insure upon or against the happening of the

[9] Sec. 344.15 (5), Stats.
[10] Sec. 262.025, Stats.

event.[11] Under these circumstances, a foreign corporation may be served by personal service upon its officer, director, or managing agent outside the state.[12]

*By the Court.*—Orders modified to extend the time for defendant's pleading to twenty days after filing of remittitur and, as so modified, affirmed.

CURRIE, HALLOWS, and WILKIE, JJ. (*dissenting*). We respectfully dissent from the conclusion reached in the majority opinion that defendant Insurance Company has appointed the commissioner as its agent for service of the instant summons and complaint.

The power of attorney, which was filed by defendant with the commissioner, must be construed with the certified copy of the corporate resolution that was filed with the power of attorney. This corporate resolution, adopted by defendant's board of directors, authorized defendant's president and secretary to execute a power of attorney to the commissioner appointing him as its "lawful attorney . . . to accept service on its behalf of notice or process *in any action arising out of a (prior) (subsequent) motor vehicle accident, in the state of Wisconsin under Sect. 344 of the Wisconsin Statutes."* (Emphasis supplied.) The majority opinion properly construes "Sect. 344" to mean ch. 344, Stats., and this statutory reference to include both Wisconsin's Safety Responsibility Law and Financial Responsibility Law.

Nevertheless, then the majority opinion reaches a result that entirely ignores the restriction of the resolution, that the power of attorney authorized thereby is limited to actions arising under either the Safety Responsibility Law or the Financial Responsibility Law, when it construes the resolution to authorize the execution and filing of a power of

---

[11] Sec. 262.05 (10), Stats.
[12] Sec. 262.06 (5) (a), Stats.

attorney covering any motor vehicle accident occurring in Wisconsin that involves one of defendant's insureds. This result is apparently grounded upon the introductory section of the Safety Responsibility Law, sec. 344.12, Stats., which provides:

"APPLICABILITY OF PROVISIONS RELATING TO DEPOSIT OF SECURITY FOR PAST ACCIDENTS. Subject to the exceptions contained in sec. 344.14, the provisions of this chapter requiring deposit of security and requiring suspension for failure to deposit security apply to the operator and owner of every motor vehicle which is in any manner involved in an accident in this state which has resulted in bodily injury to or death of any person or damage to property of any other person in excess of $100."

This section is not self-operative, but merely describes the situations to which the ensuing operative sections of the Safety Responsibility Law apply. Upon reading the ensuing sections, one discovers that the Safety Responsibility Law does not require that every operator or owner of a motor vehicle deposit security when he is involved in an accident causing damage to another's person or property in excess of $100. When these subsequent sections are examined, one finds that before such operator or owner is (1) required to deposit security for a past accident, or (2) entitled to exemption thereunder by reason of having had an automobile liability policy of insurance meeting certain specified standards in effect at time of accident, a report of accident must have been filed with the commissioner. Thus the statement in the majority opinion that, "The Safety Responsibility Law requires deposit of security and suspension for failure to do so on the part of the operator and owner of a motor vehicle involved in an accident in this state which has resulted in bodily injury or death or damage to property of another in excess of $100," is in-

correct with respect to the situation where no accident report is ever filed with the commissioner.

Prior to the 1957 revision of the Safety Responsibility Law, proof of insurance coverage, which would entitle the operator or owner to exemption from depositing security, had to be supplied by the insurance company's filing an SR-21 form with the commissioner. Since the 1957 revision, as explained in the majority opinion, an SR-21 form is attached to the driver's report of accident which is filed with the commissioner. This SR-21 form is then mailed by the commissioner to the insurance company, and, if it fails to notify the commissioner otherwise within a specified time, the commissioner is to assume that the policy described in the SR-21 form was in effect and applied to both the operator and owner with respect to the accident.

In *Petrowski v. Hawkeye-Security Ins. Co.* (7th Cir. 1955), 226 Fed. (2d) 126, reversed on other grounds, 350 U. S. 495, 76 Sup. Ct. 490, 100 L. Ed. 639, the facts with respect to the corporate resolution and power of attorney filed by the defendant out-of-state insurance company were identical to those of the instant case. Service of the summons had been made upon the commissioner and defendant objected to the jurisdiction obtained by such service. The applicable provisions of the Safety Responsibility Law were those existing prior to the 1957 revision. The court in its opinion stated (p. 133):

"We think the resolution and power of attorney must be read together since defendant's Board of Directors authorized only that which their resolution embodies. But we say that resolution and power of attorney are without vitality *until such time as the carrier activates them with a certificate of insurance* [the SR-21 form]. Wis. Stats. 1953, 85.09 (17) *et seq.,* and 85.09 (20)." (Emphasis supplied.)

That case also involved the issue of variance of the policy provisions, mentioned in the majority opinion, which is irrelevant to the question here under consideration, and the case is not to be distinguished on that ground. Neither is it to be distinguished because it arose prior to the 1957 revision of the Safety Responsibility Law at a time when that law's operation with respect to insurance coverage was triggered by the insurance company's filing the SR-21 form with the commissioner. This law in its present form becomes operative by reason of the driver's filing an accident report and the commissioner's mailing the SR-21 form, which accompanies the driver's report, to the insurance company. Although the circuit court of appeals' decision in the *Petrowski Case* is not controlling on this court, its rationale is correct and should be followed in the instant case.

The majority opinion states, "it seems reasonable that the purpose of the insurance company is to fulfil the power-of-attorney requirement immediately as to any of its insureds who have been or might thereafter be involved in an accident in Wisconsin." We deem this statement inconsistent with the express language of the resolution for reasons hereinbefore explained.

We would hold that the power of attorney did not authorize service on the commissioner because the instant accident never came under the Safety Responsibility Law.