SAMUEL, Judge.
Plaintiff, owner of the premises located at 1001 South Jefferson Davis Parkway in the City of New Orleans, which premises are occupied by defendant as lessee, instituted this summary proceeding for possession of that property. Defendant’s answer avers, as the only defense relied upon in this court, noncompliance with the notice required by the original lease and, alternatively, noncompliance with the notice required by the general law. After trial of the rule the district court rendered judgment condemning defendant to vacate and deliver possession to the plaintiff.
Defendant perfected and lodged a sus-pensive appeal from the judgment. Plain- *298 tifí then filed a motion to dismiss the appeal on the ground that the defendant had failed to answer under oath as required by LSA-C.C.P. Art. 4735. However, counsel for plaintiff now concedes the answer is properly verified and consents to a dismissal of his motion.
The facts are not in dispute. Plaintiff acquired title to the property in June of 1964. At that time defendant occupied the premises under a 1949 written lease with plaintiff’s vendors. By its terms the lease commenced on July 22, 1949, terminated on September 30, 1964 and provided for a monthly rental of $1,150. Desiring to continue in possession beyond the termination date, defendant negotiated with plaintiff in an attempt to achieve that end. The negotiations resulted in an agreement by which defendant was to remain in a smaller area of the premises (a portion of the building previously entirely occupied) at a new rental of $1,500 per month until November 30, 1964. Plaintiff mailed to defendant a written lease to that effect. The new lease was not returned to plaintiff but for the two month period covered by the agreement defendant occupied only the smaller area and paid the new monthly rental of $1,500.
Later defendant requested a further extension and in reply, on November 18, 1964, plaintiff wrote a letter to defendant stating that January 1, 1965 was the date on which plaintiff must have possession. It is quite clear from the record that defendant understood its occupancy was to run only through the end of December, 1964. On December 22, 1964 plaintiff wrote another letter reasserting its demand for possession on January 1, 1965, which letter was received by defendant before December 25, 1964. This suit for eviction was filed on January 6, 1965.
The first of defendant’s two contentions, that there was noncompliance with the notice requirements contained in the 1949 lease, is based on provisions contained in that lease to the effect that, should the lessee remain in possession of the leased premises after the expiration of the lease term or any extension thereof, without a new agreement between the parties, it shall hold as a tenant from month to month and such tenancy could be terminated at the end of any month by giving written notice at least ten days prior to the end of that month, all notices to be in writing and sent by registered mail to the party affected at that party’s address as contained in the lease. The lease states that the defendant’s address is New York City. The first plaintiff letter demanding possession was sent by regular mail to a defendant representative in New Jersey and the second was sent, also by regular mail, to a defendant representative in New Orleans.
The first contention is not valid. Defendant did not remain in possession of the leased premises after expiration of the term; in accordance with the new agreement after that expiration it occupied only a part of those premises. A new lease was entered into for the two month period beginning September 30, 1964, the termination date of the 1949 lease, and ending November 30, 1964 (later extended for an additional month only). For that period the parties agreed to a new price, $1,500 monthly instead of $1,150, and a different thing, smaller premises. LSA-C.C. Art. 2670; Weaks Supply Co. v. Werdin, La.App., 147 So. 838. The result is not affected by the fact that the parties did not execute a new written lease. They observed and acted under their new agreement which constituted an oral lease. The 1949 lease thus came to an end on its termination date and thereafter its notice provisions were no longer available to the defendant.
Defendant’s second and alternative contention, that there was noncompliance with the notice required as to the oral lease under pertinent codal provisions, also is not valid. Specifically, defendant relies on Civil Code Article 2686 and LSA-Code of Civil Procedure Article 4701. The former reads:
“The parties must abide by the agreement as fixed at the time of the lease. *299 If no time for its duration has been agreed on, the party desiring to put an end to it must give notice in writing to the other, at least ten days before the expiration of the month, which has begun to run.” LSA-C.C. Art. 2686. (Emphasis ours.)
LSA-Code of Civil Procedure 'Article 4701 provides:
“When a lessee’s right of occupancy has ceased because of the termination of the lease by expiration of its term, action by the lessor, non-payment of rent, or for any other reason, and the lessor wishes to obtain possession of the premises, the lessor or his agent shall cause written notice to vacate the premises to be delivered to the lessee. The notice shall allow the lessee not less than five days from the date of its delivery to vacate the leased premises.
“If the lease has no definite term, the notice required by law for its termination shall be considered as a notice to vacate under this article. If the lease has a definite term, notice to vacate may be given not more than thirty days before the expiration of the term.” LSA-C.C.P. Art. 4701.
The provision of LSA-Civil Code Article 2686 relative to ten day notice is inapplicable because here the time for the duration of the oral lease ultimately had been agreed upon as December 31, 1964 and the parties are bound by that agreement. This oral lease is the type contemplated by LSA-Civil Code Art. 2727, which states: “The lease ceases of course, at the expiration of the time agreed on.” The only notice necessary was the procedural prerequisite of Code of Civil Procedure Art. 4701 for use of the summary procedure of eviction. The last sentence of that article, referring to the lease which has a definite term, is applicable in the instant case and the requirement of the last sentence of the article’s first paragraph, an allowance of five days from date of delivery of notice to vacate, has been met by plaintiff’s demand for possession on January 1, 1965 contained in its letter of December 22, 1964, which letter was received by defendant prior to December 25, 1964.
The judgment appealed from is affirmed.
Affirmed.