**Hedy FORD, Plaintiff,**

v.

**Robert J. GRAF and State Farm Mutual Automobile Insurance Company, Defendants and Third-Party Plaintiffs,**

v.

**SHELBY MUTUAL INSURANCE COMPANY, Third-Party Defendants.**

**No. 67–C–49.**

United States District Court
W. D. Wisconsin.

Feb. 20, 1968.

9. Executive Order No. 11,325, 32 C.F.R. § 1643.2 (1967).

10. Supra note 2.

James A. Drill and Gary L. Bakke, New Richmond, Wis., for plaintiff.

James E. Garvey, Eau Claire, Wis., for defendants and third party plaintiffs.

Karl F. Peplau, Augusta, Wis., for third party defendant.

JAMES E. DOYLE, District Judge.

Plaintiff, Hedy Ford, seeks damages for injuries allegedly sustained as a result of a collision in La Crosse, Wisconsin, between an automobile driven by her husband, Robert R. Ford, now deceased, and an automobile driven by defendant Graf. State Farm, Graf's insurer, and Graf have filed a third party complaint against Shelby Mutual Insurance Company (Shelby) for contribution. Shelby was the insurer for Robert R. Ford at the time of the alleged collision.

Shelby moves for summary judgment in its favor, contending that the insurance contract between it and Robert R. Ford contains a family exclusion clause which bars recovery from it in this case. That clause reads:

"Exclusions. This policy does not apply:

\* \* \* \* \* \*

Under the Liability Coverage

\* \* \* \* \* \*

(j) to bodily injury to (1) any person, if such person is related by blood, marriage or adoption to and is a resident of the same household as (i) the insured or (ii) the person for whose use of the automobile or trailer the insured is legally responsible, or (2) the named insured."

A discovery deposition of plaintiff, Hedy Ford, taken on August 30, 1967, which is part of the record herein, establishes that at the time of the alleged accident Robert and Hedy Ford were husband and wife residing in the same household. It is uncontradicted that the policy in issue was entered into in the state of Minnesota, between Ford, a resident of Minnesota, and Shelby, an Ohio corporation licensed to do business in Minnesota as well as Wisconsin; that Minnesota law permits insurance companies to limit their liability by such an exclusion clause; and that Wisconsin law, Wis.Stat. § 204.34(2), does not permit such an exclusion clause in insurance contracts issued in Wisconsin.

Shelby asserts that its liability is limited by the terms of its insurance policy which are valid in the state where the policy was issued. The principal defendants and third party plaintiffs assert that under the prevailing conflict of laws principle, Wisconsin law should control the application of the insurance contract to a Wisconsin accident; that even if Minnesota law is controlling, this exclusion clause would not be given effect by the Minnesota courts since the insured is deceased; and that regardless of which law controls Shelby has waived the availability of the exclusion clause as a defense.

At oral argument counsel for the third party plaintiffs conceded that they are entitled to contribution from Shelby only if Shelby is liable to the plaintiff wife. Thus Shelby, as the husband's insurer, can be liable in this action only if, as a matter of law, the husband (or his estate) can be found liable to the wife, and if by reason of the insurance contract between Shelby and the husband, Shelby has consented to insure the husband against such liability. The third party plaintiffs' asserted cause of action must rest upon the husband's liability to the wife in tort, and upon Shelby's liability on its contract with the husband. It is this second step—the contract step—which is at issue on this motion by Shelby for summary judgment.

With regard to third party plaintiffs' assertion that Wisconsin law should control the application of the contract and that Wisconsin law invalidates family exclusion clauses in such insurance contracts (citing Wis.Stat. § 204.34(2)

(1963) and Klatt v. Zera, 11 Wis.2d 415, 105 N.W.2d 776 (1960)), I find no Wisconsin law invalidating an exclusion clause in an insurance policy not issued in Wisconsin.

As emphasized earlier, Wis. Stat. § 204.34 applies to insurance contracts issued in Wisconsin. The Shelby insurance contract was issued and delivered in Minnesota to a Minnesota resident. Neither Klatt v. Zera, supra, nor Wis.Stat. § 204.30(3) cited in *Klatt* attempts to declare Wisconsin law respecting insurance contracts issued outside Wisconsin. With respect to third party plaintiff's statement that Wisconsin has a public policy against family exclusion clauses and that that public policy presents a true conflict with the terms of the insurance contract, I find no express authority extending Wisconsin's public policy to exclusion clauses in insurance contracts issued outside Wisconsin. I cannot agree that Wisconsin has declared a public policy against family exclusion clauses in out-of-state insurance contracts.

It is further asserted by the third party plaintiffs that even Minnesota courts would not enforce the family exclusion clause where the death of the insured has intervened. It is argued that the purpose of the exclusion clause (namely the danger of collusion between the insured and a member of his family) dies with insured. Counsel for the third party plaintiffs concedes that Minnesota has not, as yet, placed such a construction on the family exclusion clause. He argues that the Minnesota court's refusal to invoke Minnesota's interspousal tort immunity doctrine in cases where the death of one spouse has intervened is evidence that such a construction on the family exclusion clause is forthcoming in Minnesota. I do not perceive it as the duty of this court, nor do I choose to do so, to read the law of Minnesota in a manner not yet adopted by the Minnesota courts. If the law of Minnesota is to be charted in some new fashion, then it is up to the Minnesota law-makers to do so. I conclude that the family exclusion clause in the insurance contract is valid and enforceable under Minnesota law.

The third party plaintiffs further assert that Shelby has waived the availability of the family exclusion clause as a defense by reason of "its license to transact insurance business [in Wisconsin] and its thus agreeing to submit to the jurisdiction of the Wisconsin courts and to free its policies of blood relative-family-household exclusions in Wisconsin and become amenable to contribution in circumstances like the present in Wisconsin. * * *" (Brief of Third Party Plaintiffs, at p. 15).

Shelby has filed with the Wisconsin Department of Insurance a resolution of its board of directors and a power of attorney in the Wisconsin Commissioner of Insurance for the purpose of accepting service of process on behalf of the insurance company. The resolution reads:

"RESOLVED, That this Company having been admitted, or having applied for admission to transact business in the State of Wisconsin, in conformity with the laws thereof, does hereby authorize the President and Secretary, under the corporate Seal of the Company, to make, constitute and appoint the Commissioner of Insurance or his successor in office, of the city of Madison, its true and lawful ATTORNEY in and for the State of Wisconsin, on whom all process of law, whether mesne or final, against said Insurance Company may be served in any action or special proceedings against said Company in the State of Wisconsin, subject to and in accordance with all the provisions of all the Statutes and Laws of said State of Wisconsin, now in force, and such other acts as may be hereafter passed, amendatory and supplementary thereto; and the said attorney is duly authorized and empowered, as the Agent of said Company, to receive and accept service of process in all cases as pro-

vided by the laws of the State of Wisconsin, and such service shall be deemed valid personal service upon said Company; said appointment is to continue in force for the period of time and in the manner provided by the Statutes of the State of Wisconsin."

The power of attorney filed pursuant to the foregoing resolution reads:

"Know All Men by These Presents: That the Mutual Plate Glass Insurance Company of the City of Shelby, in the State of Ohio, having been admitted, or having applied for admission, to transact business in the State of Wisconsin, in conformity with the laws thereof, does hereby make, constitute and appoint the Commissioner of Insurance or his successor in office, of the City of Madison, County of Dane, its true and lawful ATTORNEY, in and for the State of Wisconsin, on whom all process of law, whether mesne or final, against said Insurance Company, may be served in any action or special proceedings against said Company in the State of Wisconsin, subject to and in accordance with all the provisions of the statutes and laws of said State of Wisconsin now in force, and such other acts as may be hereafter passed amendatory thereof and supplementary thereto. And the said Attorney is hereby duly authorized and empowered as the agent of said Company, to receive and accept service of process in all cases as provided for by the laws of the State of Wisconsin, and such service shall be deemed valid personal service upon said Company. This appointment is to continue in force for the period of time and in the manner provided by the statutes of the State of Wisconsin. And said company agrees that suits commenced in the State Courts of Wisconsin, shall not be removed by the act of said company into the United States Circuit or Federal Courts."

Third party plaintiffs assert that it is by the act of filing the foregoing resolution and power of attorney that Shel-by waived its defense of the family exclusion clause in Wisconsin. Third party plaintiffs rely on three Wisconsin cases to support their assertion: Perlick v. Country Mutual Casualty Co., 274 Wis. 558, 80 N.W.2d 921 (1957); Donahue v. Banner Mutual Insurance Co., 20 Wis.2d 70, 121 N.W.2d 228 (1963); and Pinkerton v. United Services Automobile Ass'n, 5 Wis.2d 54, 92 N.W.2d 256 (1958).

In *Perlick* a no-action clause and a household exclusion clause were held to be waived by the insurance company, not licensed to do business in Wisconsin, but which had filed in Wisconsin an SR–21, a power of attorney, and a resolution. The power of attorney and the resolution stated that the company's policies are varied to comply with the laws of the state "relating to the terms of a motor vehicle liability policy issued in said state." *Perlick*, supra, 274 Wis. at p. 568, 80 N.W.2d at p. 926. The Wisconsin court declared that by the terms of the documents the company sought to protect its policyholders traveling in Wisconsin from possible embarrassment under either the Safety Responsibility or Financial Responsibility Laws.

In the instant case, the resolution and power of attorney filed by Shelby do no more than authorize service of process upon the State Commissioner of Insurance. Nowhere does there appear a statement that the company's policies are varied to comply with the laws of the state as in *Perlick*.

■ In *Donahue*, the Wisconsin Court held that the filing of a certain resolution and power of attorney by an insurance company, not licensed to do business in Wisconsin, constituted a sufficient waiver of its challenge to the jurisdiction of the Wisconsin courts over the person of the company. No such challenge to this court's jurisdiction over the person of Shelby is presented here. I read *Donahue* only for the proposition that an insurance company may consent to personal jurisdiction in the state of Wisconsin, even if it is not licensed to do

business here, if it has authorized the Commissioner of Insurance to accept service of process on its behalf. Petrowski v. Hawkeye Security Insurance Co., 124 F.Supp. 913 (W.D.Wis.1954), reversed, 226 F.2d 126 (7th Cir. 1955), reversed, 350 U.S. 495, 76 S.Ct. 490, 100 L.Ed. 639, reversed on different grounds, 237 F.2d 609 (7th Cir. 1957), cert. denied 352 U.S. 972, 77 S.Ct. 364, 1 L.Ed.2d 325 (1957), stands for the proposition, *inter alia*, that absent a voluntary filing of an SR–21, a resolution and power of attorney filed with the state are not sufficient in themselves to give the court jurisdiction over the person of an insurance company not licensed to do business in Wisconsin. To that extent *Donahue* and *Petrowski* appear to be in conflict. However, neither *Donahue* nor *Petrowski* reaches the question of whether a power of attorney and resolution, as filed in this case, act as a waiver of an exclusion clause in the policy.

In *Pinkerton* a "no-action" clause was held to be waived in the face of a resolution filed by the insurance company that any policy which it should thereafter certify by an SR–21 is to be treated as one complying with the laws of Wisconsin. The company did so file an SR–21 in *Pinkerton*.

In the instant case no such resolution was filed and no SR–21 was submitted by Shelby. It is a matter of record that Shelby was notified that coverage was claimed by Robert Ford and that Shelby did not confirm or deny such coverage by means of an SR–21 or otherwise. Under Wis.Stat. § 344.15(4) failure on the part of the company either to confirm or deny coverage permits the Commissioner to assume that the policy was in effect and applied to both the owner and operator with respect to the accident. However, the third party plaintiffs, through their counsel, have not relied on Shelby's failure to reject the SR–21 as a basis for their waiver argument. I do not imply that that decision was in error. Indeed, in Donahue v. Banner Mutual Insurance Co., supra, the Wisconsin Supreme Court made the following observation, 20 Wis.2d at p. 78, 121 N.W.2d at p. 233:

> "As previously noted, silence of the insurance company in the face of notice that coverage is claimed entitles the commissioner to make certain assumptions, but it is also provided:
>
> " 'Nothing in this chapter shall be construed to impose any obligation not otherwise assumed by the insurance company or surety company in its automobile liability policy or bond except that if no correction is made in the report within 30 days after it is mailed to the insurance company or surety company, the company, except in case of fraud, whenever such fraud may occur, is estopped from using as a defense to its liability the insured's failure to give permission to the operator or a violation of the purposes of use specified in the automobile liability policy or bond or the use of the vehicle beyond agreed geographical limits.' [9]

None of these specific policy defenses is at issue here.

I conclude that the third party plaintiffs are incorrect in their contention that Shelby by its filed resolution and power of attorney has waived the family exclusion clause as a defense in this action.

Having held that Minnesota law which permits the family exclusion clause controls the validity of the insurance contract in this case and that Shelby has not waived the exclusion clause, summary judgment in favor of Shelby is hereby granted.

It is ordered that this action against Shelby Mutual Insurance Company be and hereby is dismissed.

"9. Sec. 344.15(5), Stats."