In re Simon ANGELLE, d/b/a Angelle's Lumber Company, and Jo Ann Kidder Angelle, Individually, Bankrupts.

Dr. Kenneth P. REED, Plaintiff,

v.

Simon ANGELLE, Defendant.

Joseph M. TRAHAN, Plaintiff,

v.

Simon ANGELLE, Defendant.

Roy Lee BERGERON, Plaintiff,

v.

Simon ANGELLE, Defendant.

Joseph B. and Rita SYLVESTER, Plaintiffs,

v.

Simon ANGELLE, Defendant.

Moses DYES, Plaintiff,

v.

Simon ANGELLE, Defendant.

Nos. B–74–270, B–74–271.

United States District Court, W.D. Louisiana, Lafayette Division.

Jan. 31, 1977.

---

Bennett Boyd Anderson, Jr., Domengeaux & Wright, Lafayette, La., for defendant.

David S. Cook, DeVillier, Ardoin & Morrow, Eunice, La., for Dr. Kenneth P. Reed.

Larry Dupuis, Crowley, La., for Joseph M. Trahan.

Frederic G. Hayes, Lafayette, La., for Roy Lee Bergeron.

Clement Story, III, Lafayette, La., for Joseph B. and Rita Sylvester.

Peter C. Piccione, Sr., Lafayette, La., for Moses Dyes.

## MEMORANDUM OPINION

W. EUGENE DAVIS, District Judge.

This case is on appeal from judgments by the Bankruptcy Court determining the dischargeability of various claims of creditors in this bankruptcy proceeding.

### FACTS

The bankrupt, Simon Angelle, was engaged in the business of selling lumber and building supplies and the construction of homes. On February 14, 1974, Angelle filed a voluntary bankruptcy petition. Subsequently, several parties with whom the bankrupt had contracted to build homes filed objections to the discharge of their claims in bankruptcy under 11 U.S.C.A. § 35. Each claimant alleged that he advanced funds for the construction of his home and the bankrupt failed to apply these funds to the individual construction job.

Objections to Angelle's discharge in bankruptcy filed by Roy Lee Bergeron, Dr. Kenneth P. Reed, and Joseph Trahan were consolidated for hearing and on July 2, 1975, these debts were determined non-dischargeable in an opinion rendered by the Honorable Alex L. Andrus, Jr., Bankruptcy Judge.

The Honorable Leroy Smallenberger, Bankruptcy Judge, heard the objections to discharge filed by Joseph and Rita Sylvester and Moses Dyes and on May 5, 1976, held that these debts were discharged.

The bankrupt admits that during the period in question he operated one bank account and made all deposits and withdrawals from that account. He made no effort to segregate funds paid to him by the various parties for whom he was constructing a home. The factual basis of the creditors' claims in this action are essentially the same; the creditors advanced to the bank-

rupt various sums to be applied by him in constructing their homes and the bankrupt failed to render the equivalent in contractual services.

An individual chronology of the operative facts as they relate to each creditor in this action follows:

1) Roy Lee Bergeron contracted on June 7, 1973, with the bankrupt for the construction of a residence for the sum of $15,500.00. Advances totalling $13,800.00 were made by Bergeron to the bankrupt between January 24, 1973, and January 23, 1974. Judge Andrus found that Bergeron was required to pay an additional $2,254.45 to complete his home due to the bankrupt's misapplication of funds.

2) Dr. Kenneth P. Reed contracted during April, 1973, with the bankrupt for construction of a home for the sum of $45,390.00. Advances totalling $36,000.00 were made by Dr. Reed to the bankrupt between April and September, 1973. Judge Andrus found that Dr. Reed was obligated to pay an additional $23,911.95 to complete his home in accordance with the contract. The difference between the total sum paid by him $59,911.95, and the contract price left a sum of $14,322.45 that Judge Andrus found to be attributable to the bankrupt's misapplication of funds.

3) Joseph Trahan contracted on November 20, 1972, with the bankrupt for construction of a residence for the sum of $46,000.00. Trahan made advances totalling $46,000.00 to the bankrupt between November, 1972, and February, 1974. Judge Andrus found that Trahan was required to pay an additional $26,121.28 to complete his home due to the bankrupt's misapplication of funds.

4) Joseph and Rita Sylvester executed a collateral mortgage on December 11, 1973, for $21,000.00 to obtain funds for construction of their home by the bankrupt. On December 12, 1973, the bankrupt pledged the collateral mortgage note as security to obtain $9,000.00. Judge Smallenberger found that the bankrupt's conduct would not preclude his discharge from this claim and found further that labor and materials amounting to $1,000.00 had been used on this job.

5) Moses Dyes entered into an agreement with the bankrupt for the construction of a home for the sum or $33,500.00 on January 10, 1974. On January 11, 1974, Dyes executed a collateral mortgage note of $36,500.00 to obtain funds for constructing his home by the bankrupt. On January 16, 1974, the bankrupt pledged the Dyes collateral mortgage note as security for a $13,000.00 loan. The entire $13,000.00 was immediately transmitted by Angelle to the Internal Revenue Service to pay employment taxes owed by the bankrupt in his business operations. Judge Smallenberger found that the bankrupt's conduct would not preclude his discharge from this claim. The Bankruptcy Court made no finding of the extent of work done on this job.

The bankrupt admitted at the first meeting of creditors and also at the various hearings held on the instant claims that he did not consistently apply funds advanced to him to the construction job for which the advances were made. Angelle claimed, however, that he maintained sufficient supplies at his lumber yard and warehouse to fulfill the individual contracts to the extent of the sums advanced. It is impossible to verify this assertion by the bankrupt from the record because the bankrupt kept no records of his inventory and was unable to specify at the hearings what materials were earmarked or otherwise committed to any particular job at any given time.

LAW

The facts presented here require an interpretation of 11 U.S.C.A. § 35, which provides in part:

"(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . (2) are liabilities for obtaining money or property by false pretenses or false representations . . . or for willful and malicious conversion of the property of another; . . . (4) were created by his

fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity; . . ."

LSA–R.S. 14:202[1] makes a Louisiana criminal offense conduct by a contractor who applies money received on account of any construction contract for any purpose other than settlement of claims for material and labor due or to become due under the construction contract.

The two most apposite cases found involving this issue held that debts of this type are not dischargeable in bankruptcy. See *Heyerdale v. Haneman*, 170 So.2d 401 (La.App. 4th Cir., 1964), [writs refused 172 So.2d 293] and *In Re Morris Ketchum, Jr. & Associates*, 409 F.Supp. 743 (S.D.N.Y.1975).

In *Heyerdale*, the owner of property sought to enforce claims against the defendant bankrupt, alleging that she had paid the bankrupt contractor the contract price in full and certain subcontractors and furnishers of material had not been paid by the bankrupt, forcing plaintiff to pay these debts to prevent the filing of liens on her property. The Court held that these claims were not dischargeable in bankruptcy under 11 U.S.C.A. § 35.

The Louisiana Court of Appeals, in *Heyerdale*, cited with approval the case of *Bastian v. LeRoy*, 20 Wis.2d 70, 122 N.W.2d 386 (S.Ct.Wis.1963), which held that the contractor who failed to pay subcontractors and materialmen with money paid him by the owner was guilty of a breach of trust.

In *In Re Morris Ketchum, Jr. & Associates*, a general contractor obtained funds from the owner and failed to pay the subcontractor on the job. The Court noted that under New York law when the general contractor procures funds from the owner, the contractor is obligated to turn over the funds owed to a subcontractor within 31 days after receipt of such funds and the failure to turn over the funds in the required period could constitute a larceny. In view of the New York statute, the Court held that the general contractor's indebtedness to the subcontractor was not dischargeable in bankruptcy because the debt was created by contractor's embezzlement, misappropriation or defalcation while acting in a fiduciary capacity.

I view the relationship between the bankrupt, Angelle, and these objecting creditors as fiduciary in nature.

The case of *Farrow v. Dermott Drainage District*, 139 F.2d 800 (8th Cir. 1944), approved the following definition of a fiduciary relationship.

"A relation subsisting between two persons in regard to a business, contract, or piece of property, . . . of such a character that each must repose trust and confidence in the other and must exercise a corresponding degree of fairness and good faith. Out of such a relation, the law raises the rule that neither party may . . . take selfish advantage of his trust, or deal with the subject matter of the trust in such a way as to benefit himself or prejudice the other except in the exercise of the utmost good faith and with the full knowledge and consent of that other."

The creditors in this case advanced funds to Angelle and relied upon him to apply these funds toward construction of their homes.

The relationship between a building contractor and a landowner is substantially affected by Louisiana law. The law of this state is such that the contractor has the power to cause liens to arise on the landowner's property if the contractor does not pay certain specified suppliers and laborers

---

1. "Any person, contractor or subcontractor or agent of a contractor or subcontractor who has applied any money received on account of any contract including contracts and mortgages for interim financing, for the construction, erection, or repair of any building, structure, or other improvement to any other purpose than the settlement of claims for material and labor due or to become due for said construction or under the contract shall, in case of default on the contract, or default in payment of claims for material or labor, be fined not less than one hundred dollars nor more than five hundred dollars and imprisoned for not less than thirty days nor more than six months, and in default of fine, imprisoned for not less than thirty days nor more than six months additional."

who contribute to the construction of improvements located on the landowner's property. Also, personal liability may be visited upon the landowner for such indebtedness to suppliers and laborers. See LSA–R.S. 9:4801, et seq.

The capacity of the contractor to bind the landowner and his property raises a high concomitant duty on the contractor to properly apply the landowner's funds toward the construction project. Louisiana, in recognition of the power of the contractor to harm the landowner, enacted Louisiana Revised Statute 14:202 and caused misapplication of the landowner's funds by the contractor to be criminal activity.

The actions of the bankrupt, Angelle, in using the funds of the objecting creditors to pay general indebtedness, unrelated to the construction jobs undertaken, amounts to misappropriation of funds while acting in a fiduciary capacity within the meaning of 11 U.S.C.A. § 35 (a)(4). To the extent the funds advanced by each individual creditor were not applied by the bankrupt to the construction undertaken, this indebtedness is not discharged in bankruptcy.

Accordingly, the judgment of Judge Andrus is affirmed and judgment is rendered herein as follows:

1) In favor of ROY LEE BERGERON and against SIMON ANGELLE in the sum of TWO THOUSAND, TWO HUNDRED FIFTY–FOUR AND 45/100 ($2,254.45) DOLLARS;

2) In favor of Dr. KENNETH P. REED and against SIMON ANGELLE in the sum of FOURTEEN THOUSAND, THREE HUNDRED TWENTY–TWO AND 95/100 ($14,322.95) DOLLARS;

3) In favor of JOSEPH TRAHAN and against SIMON ANGELLE in the sum of TWENTY–SIX THOUSAND, ONE HUNDRED TWENTY–ONE AND 28/100 ($26,121.28) DOLLARS.

The judgment of Judge Smallenberger is reversed and judgment is rendered herein as follows:

In favor of JOSEPH and RITA SYLVESTER and against SIMON ANGELLE in the sum of EIGHT THOUSAND AND NO/100 ($8,000.00) DOLLARS.

The claim of Moses Dyes is hereby remanded to the Bankruptcy Court for a determination of the extent of work completed by the bankrupt on that job, and for judgment to be rendered in favor of Moses Dyes and against the bankrupt for the difference between the $13,000.00 advanced to the bankrupt and the value of material and services furnished on that job.