HAYNIE and others, Plaintiffs, v. HANSON and another, Defendants and Appellants: ALLSTATE INSURANCE COMPANY, Interpleaded Defendant and Respondent.

*March 7—April 3, 1962.*

For the appellants there were briefs by *Wickhem & Consigny*, attorneys, and *Gilbert D. Sedor* of counsel, all of Janesville, and oral argument by *Mr. John C. Wickhem* and *Mr. Sedor*.

For the respondent there was a brief by *Berg & Berg* of Janesville, and oral argument by *Roy E. Berg*.

GORDON, J. In *Haumschild v. Continental Casualty Co.* (1959), 7 Wis. (2d) 130, 95 N. W. (2d) 814, it was

determined that Wisconsin would apply the law of the state
of domicile when a conflict-of-laws question was presented
involving the capacity of one spouse to sue the other in tort.
We are asked to modify our ruling in *Haumschild* so as to
permit an Illinois husband, and his automobile insurance
carrier, to be held liable in Wisconsin for his wife's injuries
arising out of an accident in Wisconsin.

In support of their contention the appellants adopt two
principal lines of argument. The first is that there are
factual variances between the case at bar and the *Haum-
schild Case* and, secondly, that public policy and substantial
justice require the application of Wisconsin law in the case
at bar.

In *Haumschild,* Wisconsin was the domicile of the parties
and the place of the action. The tort occurred in California,
and it was a one-car accident. In the case at bar, Wisconsin
is the situs of both the tort and the action; the domicile of
the spouses involved is in Illinois, and it was a two-car acci-
dent. In our opinion, these factual variances do not warrant
a different rule in the case at bar from that reached in
*Haumschild.* In the latter case at page 138 the rule was
broadly stated as follows:

"After most careful deliberation, it is our considered
judgment that this court should adopt the rule that, when-
ever the courts of this state are confronted with a conflict-
of-laws problem as to which law governs the capacity of one
spouse to sue the other in tort, the law to be applied is that
of the state of domicile."

One of the cases expressly overruled in reaching the
*Haumschild* decision was *Forbes v. Forbes* (1938), 226
Wis. 477, 277 N. W. 112, which involved a tort committed
in Wisconsin. We said at page 139 of the *Haumschild Case:*

"The *Forbes Case* is the only one of the eight where the
place of wrong was Wisconsin. The parties were nonresi-
dents domiciled in Illinois. For the reasons hereinbefore

set forth, it is apparent that Illinois rather than Wisconsin was the state most concerned with the policy considerations of whether the plaintiff wife had capacity to sue her husband."

It is thus apparent that this court was fully mindful of the prospective application of the *Haumschild* rule to litigation arising from torts committed in this state. Whether the accident was a one-car accident or a two-car accident would seem to have no bearing on the proper rule to be applied.

The questions of public policy and substantial justice which have been raised by the appellants were fully considered in the *Haumschild Case,* and we find no compelling basis for retreat. If the appellants' position were adopted it would mean that Mrs. Haynie could not sue her husband in her own state of Illinois, but she could do so in Wisconsin. It is the law of the domicile which should be applied to resolve the issue of immunities from suit which are based upon family relationships.

*By the Court.*—Order affirmed.

FAIRCHILD, J., dissents.