Laura Beth MAGID and Karen Ann Magid, infants, by Robert W. Aagard, their Guardian Ad Litem, Naoma Magid, Julius Deutsch and Sadelle Deutsch, Plaintiffs,

v.

Donald DECKER, d/b/a The Farm Kitchen, Edward B. Magid, and the Insurance Company of North America, a foreign corporation, Defendants.

No. C-65-88.

United States District Court
W. D. Wisconsin.

March 18, 1966.

Milton S. Padway, Milwaukee, Wis., for plaintiffs.

Donald D. Nelsen, Madison, Wis., for Edward Magid and Insurance Co. of North America; Hart, Kraege, Jackman & Wightman, Madison, Wis., for Donald Decker d/b/a The Farm Kitchen.

JAMES E. DOYLE, District Judge.

This is an action, grounded in diversity of citizenship, in which the complaint alleges that injuries and damages were sustained by the plaintiffs in the State of Wisconsin when an automobile ran into a ditch or depression situated in a private parking lot. The plaintiffs are:

Laura Beth Magid, three years of age, and Karen Ann Magid, six months of age. They are daughters of plaintiff Naoma Magid and defendant Edward B. Magid. They reside with their parents in Illinois and are citizens of Illinois. They were passengers in the automobile owned and operated by their father, defendant Edward B. Magid.

Naoma Magid, wife of defendant Edward B. Magid. She is a resident and a citizen of Illinois. She was a passenger in the automobile owned and operated by her husband, defendant Edward B. Magid.

Julius Deutsch and Sadelle Deutsch, husband and wife. They are residents and citizens of Illinois. They were passengers in the automobile owned and operated by defendant Edward B. Magid.

The defendants are:

Donald Decker, a citizen of Wisconsin, engaged in the restaurant business in Wisconsin, doing business in the name of The Farm Kitchen. It was his Farm Kitchen parking lot on which the accident allegedly occurred.

Edward B. Magid, husband of plaintiff Naoma Magid and father of plaintiffs Laura Beth Magid and Karen Ann Magid. He is a resident and a citizen of Illinois. He was the owner and operator of the automobile in which all the plaintiffs were passengers. The Insurance Company of North America, a Pennsylvania corporation licensed to do business in Wisconsin and maintaining an office in Wisconsin.

The first cause of action is directed to all three defendants, alleging: that defendant Edward B. Magid, the driver, was negligent in the operation of the vehicle; that defendant Decker was negligent in maintaining the parking lot and in failing to post proper notices or

guards there; and that their negligence caused the injuries and damages sustained by the guests in the car.

The second cause of action is directed to defendant Decker alone, alleging violation of Wisconsin's "safe place" statute. No motions by defendant Decker are presently before the court. The answer by defendant Decker raises certain legal defenses. These defenses have not been briefed or argued, but they will be discussed in connection with the motion by the other defendants. Also, defendant Decker's cross-claim against defendants Edward B. Magid and The Insurance Company of North America (North America) for contribution may be affected by the determination of certain issues raised by the motion of defendants Edward B. Magid and North America.

Defendants Edward B. Magid and The Insurance Company of North America have moved for summary judgment of dismissal of the first cause of action as to them. The motion is based on several grounds:

(1) With respect to all five plaintiffs, that the action is barred by Wisconsin's statute of limitations. With respect to the two minor plaintiffs, dismissal should be without prejudice to their commencement of any action within one year after each of them becomes twenty-one.

(2) With respect to the plaintiff Naoma Magid, that this court is bound to apply Wisconsin's conflicts rule with respect to choice of law; that under Wisconsin's choice of law rule, the law of Illinois should be applied here to the issue whether the wife may sue her husband for tort liability growing out of an automobile accident; and that under Illinois law such a suit may not be brought by a wife against her husband. This issue is related to defendant Decker's cross-claim for contribution.

(3) With respect to the plaintiffs Laura Beth Magid and Karen Ann Magid, that this court is bound to apply Wisconsin's conflicts rule with respect to choice of law; that under Wisconsin's choice of law rule, the law of Illinois should be applied here to the issue whether a minor child may sue her father for tort liability growing out of an automobile accident; and that under Illinois law such a suit may not be brought by a minor child against her father. This issue is related to defendant Decker's cross-claim for contribution.

Defendant Decker's answer includes the following defenses, among others:

(1) With respect to all five plaintiffs, that the rights of action are barred by Wisconsin's statute of limitations.

(2) With respect to each of the plaintiffs Laura Beth Magid and Karen Ann Magid, that the respective amounts · in controversy do not meet the statutory minimum of $10,000.

◼ Before taking up the above contentions raised by the motion of defendants Edward B. Magid and North America for summary judgment and by defendant Decker's answer, the court desires to call counsel's attention to two other items:

(1) Because the plaintiffs are all citizens of · Illinois and because the defendant Edward B. Magid is also a citizen of Illinois, complete diversity is absent and federal jurisdiction is therefore absent. See 1 Callaghan's Cyclopedia of Federal Procedure (1951), sec. 2.294, and authorities there cited. Inasmuch as this action has been pending for some time, and defendants' motion for summary judgment has been under advisement for some time, the court will proceed to assume, without now deciding, that this jurisdictional defect can be remedied and will be remedied by a motion by plaintiffs to dismiss as to defendant Edward B. Magid. By making

this assumption, the court will be permitted to proceed to other issues.

(2) The complaint alleges that defendant North America is a Pennsylvania corporation doing business in Wisconsin and maintaining an office in Wisconsin. No further allegations with respect to North America are made in the complaint. From the cross-claim of defendant Decker, it appears that defendant Edward B. Magid was covered by a liability policy issued by North America, but this is not otherwise alleged in the pleadings thus far filed. Whether, after the limitations period has passed, the complaint can be amended to include an allegation with respect to insurance coverage is a question on which the court will reserve its ruling. For the reasons stated in the next preceding subparagraph, it will assume for the present that such an amendment can be made and will be made, and the court will proceed to other issues.

■ We turn to that portion of defendant Decker's answer which challenges both causes of action on the part of Laura Beth Magid and Karen Ann Magid on the ground that the amount in controversy in each case is only $3,000, whereas the jurisdictional minimum is $10,000. The defense is valid. See 1 Callaghan's Cyclopedia of Federal Procedure (1951), secs. 2.220, 2.221, and authorities there cited. The entire action as against all the defendants is dismissed as to plaintiffs Laura Beth Magid and Karen Ann Magid.

We turn to that portion of the motion of defendants Edward B. Magid and North America seeking dismissal as to them of the first cause of action of plaintiff Naoma Magid, on the ground that it is barred by the Illinois law of interspousal immunity. In a recent decision (Castonzo v. General Casualty Company, D.C., 251 F.Supp. 948, decided March 15, 1966) we reviewed at length the application of Wilcox v. Wilcox, 26 Wis.2d 617, 133 N.W.2d 408 (1965) to a similar issue. We decided that we are bound, in a diversity case, to bring the kind of qualitative analysis described in *Wilcox* to the respective interests of Illinois and Wisconsin in the effectuation of their policies as they bear on a particular issue. It is unnecessary to repeat here much of what was said in *Castonzo*.

In *Wilcox* itself, and in *Castonzo*, the choice was to be made between the law of Wisconsin making a host-driver liable to his guest for ordinary negligence, on the one hand, and the law of another state requiring more than ordinary negligence to render the host liable, on the other. In the present situation the choice is to be made between the law of Wisconsin which permits a wife to sue her husband in tort (see Haumschild v. Continental Casualty Co., 7 Wis.2d 130, 131, 95 N.W.2d 814 (1959)), and the law of Illinois which does not (see Heckendorn v. First National Bank of Ottawa, 19 Ill.2d 190, 166 N.E.2d 571 (1960), cert. den., 364 U.S. 882, 81 S.Ct. 172, 5 L.Ed.2d 104). Prior to *Wilcox*, the Wisconsin choice-of-law rule in this situation had been made crystal clear: the law of the state of domicile governs the capacity of one spouse to sue the other in tort. *Haumschild*, supra. Three years after *Haumschild*, the Supreme Court of Wisconsin rather sharply declined to "retreat" from this rule and applied it to prevent an Illinois husband-host from being compelled to contribute to a judgment for damages sustained by his wife-guest in a collision in Wisconsin with another vehicle. Haynie v. Hanson, 16 Wis.2d 299, 302, 114 N.W.2d 443 (1962).

Have *Haumschild* and *Haynie* survived *Wilcox*? In *Wilcox*, *Haumschild* was cited as "an example of this type of exoneration from an unrealistically rigid rule", namely, the rule that the law of the tort-state is to be applied to all issues in a case. *Wilcox*, 26 Wis.2d at 623, 133 N.W.2d at 411. Thus, on the one hand, *Haumschild*, like *Wilcox*, is an invitation to discriminate among the several issues in a case in choosing the law

to be applied; on the other hand, like *Haynie, Wilcox* seems to confirm the automatic rule of *Haumschild*:

"* * * [T]his court should adopt the rule that, whenever the courts of this state are confronted with a conflict of laws problem as to which law governs the capacity of one spouse to sue the other in tort, the law to be applied is that of the state of domicile." *Haumschild*, 7 Wis.2d at 138, 95 N.W. 2d at 818.

This very passage, including the word "whenever", is the passage approvingly cited in *Wilcox*, 26 Wis.2d at 623, 133 N.W.2d 408.

■ We have concluded that the major themes of *Wilcox* do modify *Haumschild* and *Haynie*, and that the law of the domicile is no longer to be applied "whenever" the capacity of one spouse to sue the other in tort is at issue. We have concluded that the issue of interspousal immunity is not to be distinguished from other issues in this respect: that the choice of the law to be applied to this issue, as to others, is to be made after a qualitative analysis of the contacts with the states involved in light of their respective policies.

■ However, proceeding to such an analysis here, this federal court also continues to be obliged to ascertain, as best it can, how a Wisconsin court would decide this particular choice-of-law issue. The minimum effect now to be given *Haumschild* and *Haynie* must be that these two decisions reflect the view of the Supreme Court of Wisconsin that the policies of the domiciliary state are to be given great weight with respect to interspousal immunity in tort actions. Whereas *Wilcox* contains the general direction "that the law of the forum should presumptively apply unless it becomes clear that nonforum contacts are of the greater significance" (p. 634, 133 N.W.2d p. 416), *Haumschild* and *Haynie*, although ante-dating *Wilcox*, must be taken as a strong indication that, with respect to the specific issue of interspousal immunity, the presumption in favor of the

application of the law of the forum is overcome by the inherent claim of the domiciliary state to vindication of its policy. Indeed, although the Supreme Court of Wisconsin may ultimately define more clearly the effect of *Haumschild* and *Haynie* in the post-*Wilcox* era, here and now, in this federal diversity action, we consider this court obliged to afford a mild presumption in favor of the application of the law of the domicile of the spouses.

■ ■ As indicated above, it is undisputed in the pleadings that defendant Edward B. Magid and plaintiff Naoma Magid are husband and wife, that they reside in Illinois, and that they are citizens of Illinois. This is sufficient to accord the mild presumption, to which we have referred, to the application of Illinois law to the issue of Edward B. Magid's immunity from liability to Naoma Magid for his alleged tort. In addition, from an uncontroverted affidavit by counsel for Edward B. Magid and North America, it appears: that the policy of insurance was sold and issued in Illinois by North America; that the Magid automobile was principally used and garaged in Illinois; that the accident occurred at a time when all of the plaintiffs and the defendant Edward B. Magid were temporarily in Wisconsin on a vacation; and that all of said parties were then on a trip which began and ended in Illinois.

Wisconsin, of course, permits a wife to sue her husband for tort. Her right to do so stems from Chapter 99 of the Laws of 1881, an amendment to the historic legislation in Wisconsin and elsewhere by which married women were freed from many legal disabilities. Sec. 246.07, Wis.Stat. (1963). From the legislation itself and from the key decision applying it to permit tort liability on the part of a husband to his wife, Wait v. Pierce, 191 Wis. 202, 209 N.W. 475, 210 N.W. 822, 48 A.L.R. 276 (1926), it seems clear that the Wisconsin policy underlying its rule is the emancipation of married women. There is no suggestion there that the underlying policy, for ex-

ample, may be to deter a husband driver from negligence in operation of his motor vehicle while his wife is a passenger. Therefore, the conflicting policies of Illinois and Wisconsin appear to stem from considerations involving the family, the marriage relationship, the dignity of a married woman. These are considerations of status, and such considerations, historically, are considered most appropriate to the state of domicile.

We hold, therefore, that the law of Illinois is to be applied here; that plaintiff Naoma Magid cannot sue her husband for this tort; and that her first cause of action as against defendant Edward B. Magid and North America must be dismissed.

There remain the Deutsches' first cause of action against all three defendants, the first cause of action of Naoma Magid against Decker, and the second cause of action of Naoma Magid and of the Deutsches against defendant Decker. As to these causes of action we must consider the contention advanced both by the motion of Edward B. Magid and North America and by the answer of Decker: namely, that the entire action is barred by the Wisconsin statute of limitations.

The accident out of which these claims arise occurred July 26, 1962, The complaint herein was filed with the clerk of this court July 22, 1965. A summons signed by the clerk and dated July 22, 1965, was stamped by the marshal as received on July 22, 1965. The marshal's return on the reverse side of the summons states: that service on defendant Edward B. Magid was made by delivering two copies to the Wisconsin Motor Vehicle Commission at Madison on July 30, 1965; and that service on defendant Decker was made by delivering a copy to him at Baraboo on July 30, 1965. An admission of service of two copies of the summons on July 30, 1965, was executed on that day by the Wisconsin Commissioner of Insurance on behalf of Insurance Company of North America.

■■ It is well settled that where one is barred from recovery in the state court by the operation of the state statute of limitations, he should likewise be barred in the federal court in an action in which jurisdiction is grounded in diversity of citizenship and in which the cause of action is created by local law. Ragan v. Merchants Transfer & Warehouse Co., Inc., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), rehearing denied, 338 U.S. 839, 70 S.Ct. 33, 94 L.Ed. 513 (1949); Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). Under Wisconsin law, it was necessary that this action be commenced within three years after the cause of action accrued. Wis.Stats. (1963), Secs. 330.14, 330.205. Also under Wisconsin law, an action is "commenced by the service of a summons". Wis.Stats. (1963), Sec. 262.02(1). The summons was not served on any of the defendants here within three years after the cause of action accrued. However, Wis.Stats. (1963), Sec. 330.40 provides as follows:

"An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of any provision of law which limits the time for the commencement of an action, when the summons is delivered, with the intent that it shall be actually served, to the sheriff or other proper officer of the county in which the defendants or one of them usually or last resided; or if a corporation organized under the laws of this state be defendant to the sheriff or the proper officer of the county in which it was established by law, or where its general business is transacted, or where it keeps an office for the transaction of business, or wherein any officer, attorney, agent or other person upon whom the summons may by law be served resides or has his office; or if such corporation has no such place of business or any officer or other person upon whom the summons may by law be served known to the plaintiff, or if such defendant be a nonresident, or a nonresident corporation, to the sheriff or other proper

officer of the county in which plaintiff shall bring his action. But such an attempt must be followed by the first publication of the summons or the service thereof within sixty days. If the action be in a court not of record the service thereof must be made with due diligence."

The precise issue here is whether this action is saved by the provisions of Section 330.40 of the Wisconsin Statutes. The defendants Edward B. Magid and North America, by their motion, and presumably the defendant Decker, by his answer, contend that the action is not saved because Section 330.40 provides that the summons must be delivered in time "to the sheriff or other proper officer of the county"; that Section 330.40 must be strictly construed; and that neither the clerk nor the marshal of the United States District Court for the Western District of Wisconsin is "the sheriff or other proper officer of the county."

This issue was raised and decided in Nola Electric Co. v. Reilly, 93 F.Supp. 164 (S.D.N.Y.1948); same case reported on other issues, 11 F.R.D. 103 (S.D.N.Y. 1950), cert. den., Reilly v. Goddard, 340 U.S. 951, 71 S.Ct. 570, 95 L.Ed. 685 (1951), involving provisions of the New York statutes substantially identical to those of Wisconsin. See also Cahill v. St. Mary's Hospital of Brooklyn, 20 F.R.D. 103 (E.D.N.Y.1956). *Nola* held that the delivery of the summons to the marshal within the limitations period saved the action. "This neither varies nor enlarges plaintiff's rights under local law, nor does it give it an advantage over the rights he would have enjoyed had it been confined to the jurisdiction of the New York courts." 93 F.Supp., at 170. The *Nola* court observed: that the marshal is invested by statute with all the powers which a sheriff has in the state in which his district lies (28 U.S.C., Sec. 549); that neither Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), nor *Ragan*, supra, nor *Guaranty Trust Co.*, supra, prevents "a federal court from administering the

state system of law in its own way in connection with 'details related to its own conduct of business'" (93 F.Supp., at 170); that the designation of individuals or officials to serve process is "such a detail, and it does not affect substantial rights" (93 F.Supp., at 170). See Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). Indeed, continues the *Nola* court, had the plaintiff simply delivered the summons to a sheriff, it would have been an idle gesture because the sheriff has no authority by virtue of state law to serve federal process. Had the plaintiff obtained an order from the federal court specially appointing a sheriff to serve the process (Rule 4(c), Federal Rules of Civil Procedure, provides: "Service of all process shall be made by a United States marshal, by his deputy, or by some person specially appointed by the court for that purpose * * * *"), the effect would have been to appoint the sheriff in his individual capacity and not as a state officer. See Modric v. Oregon & N. W. R. Co., 25 F.Supp. 79 (D.Ore.1938).

We agree with the decision in *Nola*. It may also be that our ruling here is compelled by *Hanna v. Plumer, supra*, although the issue there decided may be distinguished. In the present case it appears from the record that the summons was delivered to the clerk on July 22, 1965, and that the clerk delivered it to the marshal on July 22, 1965. This was within three years of July 26, 1962, when the cause of action accrued. The record further shows that service was actually made by the marshal on July 30, 1965, well within the sixty days provided in Section 330.40 of Wisconsin Statutes.

Upon the basis of the entire record herein, the motion of defendants Edward B. Magid and North America for dismissal as to them of the first cause of action of the plaintiffs Julius Deutsch and Sadelle Deutsch is denied. Treating as a motion the "first defense" stated in the answer of defendant Decker, said motion is also denied.