ATTOE and others, Appellants, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and another, Respondents. [Three cases.]

*October 5—October 31, 1967.*

540

For the appellants there were briefs by *Fulton, Menn & Nehs* of Appleton, and *Wickham, Borgelt, Skogstad & Powell* of Milwaukee, attorneys, and *Clayton R. Hahn* and *George N. Kotsonis* of counsel, both of Milwaukee, and oral argument by *Mr. Hahn.*

For the respondent State Farm Mutual Automobile Insurance Company there was a brief and oral argument by *Arno J. Miller* of Portage.

For the respondent Northwestern National Casualty Company there was a brief by *Ray T. McCann,* and oral argument by *John T. McCann,* both of Milwaukee.

CURRIE, C. J.   While other issues are raised in the briefs of the parties,[3] we find it unnecessary to consider

---

[3] Subsequent to the decision in *Miller v. Wadkins, supra,* footnote 2, sec. 260.11 (1), Wis. Stats., was amended by ch. 14 Laws of 1967, effective April 1, 1967, so as to provide for direct action against an automobile liability insurer in situations like the instant and in which the policy was issued in Wisconsin. One of the issues raised in the briefs is whether such amendment is effective retroactively.

any issue other than whether the two defendant insurance companies by their conduct have waived the defense of the no-action clauses contained in their policies.

Such no-action clauses usually provide that no action shall lie against the insurer until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured or by written agreement of the insured, the claimant, and the insurer. Thus a no-action clause is not an absolute bar to action against the company, but only a bar to an action prematurely brought. For this reason our court has held that a defense by an insurer grounded on a no-action clause constitutes a plea in abatement.[4]

We hold that where an insurer by its answer defends on the merits without interposing a plea in abatement grounded on a no-action clause, or engages in other conduct which is inconsistent with reliance on the defense of the no-action clause, the insurer has waived such defense and will not be permitted to later interpose it.

In *Stransky v. Kousek*[5] the policy issued by the defendant insurer contained a no-action clause. The insurer defended the action without pleading this clause in abatement. Approximately four months after judgment the insurer was permitted to amend its answer so as to plead the no-action clause. This court held that the insurer had waived its right to so raise such defense, the opinion stating:

". . . By failing to plead in abatement and by answering and defending on the merits, the defendant company effectually waived its right to plead this provision of its policy in abatement of the action."[6]

---

[4] *Cooper v. Commercial Casualty Ins. Co.* (1932), 209 Wis. 314, 316, 245 N. W. 154. *See also Stransky v. Kousek* (1929), 199 Wis. 59, 61, 225 N. W. 401.

[5] *Id.*

[6] *Id.*, at page 61.

While possibly what transpired after the insurer interposed its answer without pleading the no-action clause in abatement played a part in the court's determination of waiver in *Stransky,* we are now of the opinion that it was wholly immaterial.

Waiver has been defined as a voluntary and intentional relinquishment of a known right.[7] However, in establishing waiver, it is not necessary to prove an actual intent to waive.[8] Such waiver may be shown by conduct.[9] We deem particularly apposite the statement made by this court in *Rasmusen v. New York Life Ins. Co.*[10]:

"Doubtless, the act out of which the waiver is deduced must be an intentional act, done with knowledge of the material facts, but it cannot be necessary that there should be an intent to waive. Such a rule would allow a secret intention to defeat the legal effect of unequivocal and deliberate acts."

Here, defendants assert there was no intent on their part to waive the defense of the no-action clause. However, where waiver is established by the facts, the claim of absence of intent to waive does not overcome the waiver.[11] In *Pabst Brewing Co. v. Milwaukee*[12] this court quoted with approval the following statement from a standard reference work:

[7] *Bade v. Badger Mut. Ins. Co.* (1966), 31 Wis. 2d 38, 46, 142 N. W. 2d 218; *Nolop v. Spettel* (1954), 267 Wis. 245, 249, 64 N. W. 2d 859.

[8] *Perlick v. Country Mut. Casualty Co.* (1957), 274 Wis. 558, 565, 80 N. W. 2d 921; *Rasmusen v. New York Life Ins. Co.* (1895), 91 Wis. 81, 89, 64 N. W. 301.

[9] *Id. Pfeiffer v. Marshall* (1908), 136 Wis. 51, 116 N. W. 871; *Pabst Brewing Co. v. Milwaukee* (1905), 126 Wis. 110, 117, 105 N. W. 563.

[10] *Supra,* footnote 8, at page 89.

[11] *Somers v. Germania Nat. Bank* (1913), 152 Wis. 210, 219, 138 N. W. 713; *Pabst Brewing Co. v. Milwaukee, supra,* footnote 9, at page 118.

[12] *Supra,* footnote 9, at page 118.

" 'The intent to waive may appear as a legal result of conduct. The actuating motive, or the intention to abandon a right, is generally a matter of inference to be deduced with more or less certainty from the external and visible acts of the party, and all the accompanying circumstances of the transaction, regardless of whether there was an actual or expressed intent to waive, or even if there was an actual but undisclosed intention to the contrary.' " [13]

The knowledge of the facts by the party against whom waiver is asserted, which is held to be a necessary element of waiver, may be constructive as well as actual.[14] Constructive knowledge is that knowledge which one who has the opportunity, by the exercise of ordinary care, to possess. It is somewhat, though not entirely, akin to constructive notice.

Whether the party against whom a waiver is asserted had actual or constructive knowledge of the facts often presents a question of fact to be determined by the trier of the facts. However, when asserted against insurance companies, the waiver issue has frequently been determined as a matter of law. Grounds of public policy, which favor uniformity of result in passing on the conduct of insurance companies, require that the waiver issue be determined as a question of law in the instant cases.

In the instant cases the defendant insurers are chargeable with knowledge of these facts: (1) That their policies contained a no-action clause; (2) that the accident giving rise to the actions occurred outside of Wisconsin; and (3) that sec. 260.11 (1), Wis. Stats., at the time the accident occurred, and continuing to the date the judgments appealed from were entered, contained this provision:

[13] 29 Am. & Eng. Ency. of Law (2d ed.), 1095.
[14] *Davies v. J. D. Wilson Co.* (1957), 1 Wis. 2d 443, 467, 85 N. W. 2d 459; *Somers v. Germania Nat. Bank, supra,* footnote 11, at page 219; *Nolop v. Spettel, supra,* footnote 7, at page 249; 56 Am. Jur., *Waiver,* p. 114, sec. 14.

". . . The right of direct action herein given against an insurer against liability for damages to persons other than the insured arising out of the negligent operation, management or control of a motor vehicle shall exist whether the policy of insurance sued upon was issued or delivered in the state of Wisconsin or not and whether or not the policy or contract of insurance contains a provision forbidding such direct action, *provided the accident or injury occurred in the state of Wisconsin.*" (Italics supplied.)

Defendants argue that the material fact of which they were ignorant was that this court would thereafter interpret the above-quoted statutory provision as limiting permissible direct action against insurers to those situations in which the accident or injury occurred in Wisconsin.[15] We hold this to be wholly immaterial because defendants were also chargeable with the knowledge that this interpretation was a permissible one. In fact it was so in accord with the plain reading of the statutory language that plaintiff in *Miller v. Wadkins* was forced to rely on statutory history in urging the opposite interpretation. Defendants urge that the instant plaintiffs' counsel also must have been ignorant of the possibility that the statute would be interpreted as it was in *Miller v. Wadkins,* otherwise counsel would not have instituted action against defendants alone without joining the driver of the car as a party defendant. This argument we deem to be a complete *non sequitur.*

Whether defendant State Farm waived the defense of its no-action clause is dependent upon whether it pleaded it in its answer. This answer admitted coverage but alleged "that any liability . . . is governed strictly by the terms and conditions of said insuring agreement, including the limits of liability as therein specified."

[15] *Miller v. Wadkins, supra,* footnote 2, was decided June 7, 1966. However, the federal courts had arrived at the same statutory interpretation considerably earlier. *Koss v. Hartford Accident and Indemnity Co.* (D. C. Wis. 1964), 231 Fed. Supp. 376, affirmed (7th Cir. 1965), 341 Fed. 2d 472.

While such allegations of an answer have been held sufficient to raise the issue of dollar policy limits,[16] we hold the answer is wholly insufficient to serve as a plea in abatement that the defendant insurer is not yet subject to suit. The no-action clause is not a limit on liability, but constitutes a bar to premature suit.[17] One of the purposes of a plea in abatement raising an issue of premature suit is to make the trial court and the opposite party aware at the earliest opportunity that such an issue is present, so as to make it possible to be passed upon before proceeding to dispose of the case on its merits. The instant answer clearly fails to do this.

State Farm, having answered on the merits without properly pleading its defense predicated on the no-action clause of its policy, thereby waived such defense.

Northwestern did not serve its answer until approximately fourteen months after the service of the summons and complaint. This answer did plead the no-action clause of Northwestern's policy as a defense. However, we determine that, by acts of conduct which had occurred prior to the service of its answer, it had waived this defense.

Northwestern's counsel mailed to plaintiffs' attorneys a notice of retainer and entry of appearance in each of the actions bearing date of August 11, 1965, and plaintiffs' attorneys admitted service thereof "this ——— day of September, 1965." On June 28, 1966, Northwestern's counsel attended a pretrial conference at Wautoma pre-

[16] *Nichols v. United States Fidelity & Guaranty Co.* (1961), 13 Wis. 2d 491, 499, 500, 109 N. W. 2d 131; *Jansa v. Milwaukee Automobile Mut. Ins. Co.* (1962), 18 Wis. 2d 145, 150, 118 N. W. 2d 149. *But see Dostal v. Saint Paul-Mercury Indemnity Co.* (1958), 4 Wis. 2d 1, 15, 16, 89 N. W. 2d 545.

[17] State Farm cites *Pinkerton v. United Services Automobile Asso.* (1958), 5 Wis. 2d 54, 92 N. W. 2d 256, and claims that the answer therein was of the same general tenor as the one State Farm interposed here. This does not appear in the opinion, and the opinion found waiver on another ground.

sided over by Judge GOLLMAR and advised the judge that Northwestern desired to take adverse examinations of the plaintiffs before trial. The judge then set the date of trial for October 10, 1966. The record is silent as to any statement being made by Northwestern's counsel at the pretrial conference to the judge or plaintiffs' counsel that any defense in the nature of a plea in abatement grounded on the policy no-action clause was to be interposed. Northwestern's proposal to take the adverse examinations of plaintiffs was an activity on its part having to do with a defense on the merits. Thereafter Northwestern's counsel admitted service on plaintiffs' notices of trial without apprising plaintiffs' counsel of any intention to raise an issue of premature suit.

The service of notice of retainer and entry of appearance was in itself not a waiver of the defense grounded on the policy no-action clause. However, thereafter, Northwestern took action in regard to defending the action on the merits without apprising plaintiffs' attorneys that it intended to raise the no-action defense. Northwestern's conduct at the pretrial conference and its admission of service of plaintiffs' notices of trial constituted a waiver of that defense.[18]

*By the Court.*—Judgments reversed and causes remanded for further proceedings not inconsistent with this opinion.

---

[18] Counsel for Northwestern on this appeal is not the same counsel who represented Northwestern at the time these acts of waiver took place.