**96**

Morgan & Garner, Chattanooga, Tenn., for plaintiff.

Bishop, Thomas, Leitner, Mann & Milburn, Chattanooga, Tenn., for defendant and third-party plaintiff.

Duggan & McDonald, Chattanooga, Tenn., for third-party defendant.

**Hilda GOLDBERG**

v.

**Fred Raymond FAULL, Sr.**

v.

**Samuel GOLDBERG.**

**No. 4958.**

United States District Court
E. D. Tennessee, S. D.

Nov. 3, 1967.

### MEMORANDUM

FRANK W. WILSON, District Judge.

This is an action for personal injuries arising out of an automobile accident which occurred in Polk County, Tennessee. The third-party defendant, Samuel Goldberg, was the operator of one of the automobiles involved in the accident, and the plaintiff, Hilda Goldberg, wife of Samuel Goldberg, was a passenger in his automobile at the time. The defendant, Fred Raymond Faull, was the operator of another automobile involved. Defendant filed a third-party action for indem-

nity or contribution from Samuel Goldberg. The case is before the Court upon the motion of the third-party defendant for summary judgment upon the third-party action.

The third-party defendant contends that he would have no liability to the original plaintiff because of interspousal immunity and accordingly cannot be liable unto the defendant and third-party plaintiff. Third-party plaintiff contends that Michigan law is applicable upon the question of interspousal immunity and that Michigan has, by judicial decision, abolished such immunity.

As counsel have noted in their respective briefs, this Court has heretofore been faced with this problem in the case of Chamberlain v. McCleary (E.D.Tenn. S.D., 1963), 217 F.Supp. 591. There the Court held that the Tennessee common law marital immunity which precludes tort actions between husband and wife would operate to bar a third-party action for indemnity or contribution against the spouse of the original plaintiff. No authority has been presented to the Court which in the Court's opinion would justify any modification of that holding.

However, third-party defendant contends that the law of Michigan should apply to the immunity issue, since Michigan was the residence and domicile of the Goldbergs, the place where the automobile was principally garaged, and where the trip during which the accident occurred had begun and was to end. There is authority that *lex loci* would apply to the immunity question in automobile cases, but it is not particularly strong authority for that proposition. Lucas v. Phillips (1957), 205 Tenn. 444, 326 S.W. 2d 905; Glover v. Glover (1958), 44 Tenn. App. 712, 319 S.W.2d 238; Franklin v. Wills (C.A. 6, 1954), 217 F.2d 899. Compare the annotation at 96 A.L.R.2d 973. On the other hand, strong arguments can be made for the application of Michigan law in such a case by Tennessee courts. In recent years a substantial body of law has developed in the area of conflict of laws which holds that the law of the state of the domicile determines whether an in-

terspousal immunity exists. Mellk v. Sarahson (1967), 49 N.J. 226, 229 A.2d 625; Magid v. Decker (D.C.Wis., 1966), 251 F.Supp. 955; Wartell v. Formusa (1966), 34 Ill.2d 57, 213 N.E.2d 544; Johnson v. Johnson (1966), 107 N.H. 30, 216 A.2d 781; Lederle v. United Services Auto Assoc. (Tex.Civ.App., 1965), 394 S.W.2d 31; Thompson v. Thompson (1963), 105 N.H. 86, 193 A.2d 439, 96 A.L.R.2d 969; Haynie v. Hanson (1962), 16 Wis.2d 299, 114 N.W.2d 443; Bodenhagen v. Farmers Mutual Insurance Co. (1959), 5 Wis.2d 306, 92 N.W.2d 759, 95 N.W.2d 822; Koplik v. C. P. Trucking Co. (1958), 27 N.J. 1, 141 A.2d 34; Emery v. Emery (1955), 45 Cal.2d 421, 298 P.2d 218.

Before attempting to resolve this problem in conflict of laws, however, the Court should look to see whether any difference exists between the law of Tennessee and the law of Michigan on interspousal immunity. Third-party plaintiff argues that Michigan abandoned its general rule against interspousal immunity for tort in the opinion of the Michigan Supreme Court in Mosier v. Carney (1965), 376 Mich. 532, 138 N.W.2d 343. On the other hand, third-party defendant argues that the opinion merely recognizes certain exceptions, not applicable here, to the old rule. It is not difficult to see why there might be some controversy as to the effect of that case. There were five separate opinions covering some 32 pages in the Northwestern reporter. The opinion of the Court, which obtained the concurrence of four of the eight judges sitting, is quite extensive. The four judges who did not join in the opinion of the Court all expressed opposition to abandonment of the general rule of interspousal immunity by judicial decision. Even the opinion of the Court did not go so far, as will appear below. Three cases were before the Court. In the first, the plaintiff wife sought to recover against the estate of her deceased husband for injuries incurred in an automobile accident alleged to have resulted from the gross negligence of the deceased husband. In the second, the plaintiff had

resided in the defendant's home as a boarder for a time and had been injured upon the premises. He filed suit to recover, and upon the day after defendant was served, plaintiff married defendant. The last case was one in which the administrator of the deceased wife sued the defendant husband on behalf of their minor children for the alleged wrongful death of the wife in an automobile accident. Although the language of the Court's opinion is strongly critical of the interspousal immunity in general, its conclusion is somewhat more cautious:

"We have examined the Michigan precedents and have found nothing in them which logically militates against permitting prosecution of the suits here involved. Indeed, as we have seen the 'reasoning', if it may be called that, of those cases, has no applicability in the fact circumstances of these instant cases of first impression. It is appropriate to add that what we have said here concerning the doctrine of interspousal tort immunity must be considered in light of these same fact circumstances. We this day hold: (1) that a suit may be maintained predicated upon injuries to one spouse during marriage arising out of an allegedly wrongful act of the marital partner, when the allegedly wrongful act resulted in termination of the marriage by death; (2) that a suit commenced before marriage of the parties thereto may be maintained by one spouse against the other for an alleged antenuptial tort."

The "Michigan precedents" referred to are cases theretofore decided by the Michigan Supreme Court generally upholding the interspousal immunity from tort suit. Although a majority of the Court concurred in the result in these cases, none of the opinions received majority support. Even the opinion of the Court does not go so far as to generally abolish the interspousal immunity in Michigan, but merely allows suit in the two classes of cases described, into neither of which the present case fits.

In the instant case, the Court is of the opinion that, whether Michigan or Tennessee law is applied, the third-party defendant would have no liability unto the original plaintiff, and therefore the third-party action for indemnity or contribution cannot be maintained.

There is no evidentiary record upon which summary judgment could be granted. However, the Court is of the opinion that the third-party defendant is entitled to judgment in his favor upon the pleadings, and an order will enter accordingly.