**Bonnie L. CLOUGH, Plaintiff,**

**v.**

**LIBERTY MUTUAL INSURANCE CO., a Massachusetts corporation; Hillside Transit Co., Inc., a Wisconsin corporation, and William R. Franz, Defendants and Third-Party Plaintiffs,**

**and**

**Warren CLOUGH and State Farm Mutual Automobile Insurance Company, an Illinois corporation, Third-Party Defendants.**

**No. 66–C–220.**

United States District Court
E. D. Wisconsin.

April 11, 1968.

Irving D. Gaines, Milwaukee, Wis., for plaintiff.

Kluwin, Dunphy, Hankin & Hayes, Milwaukee, Wis., for defendants and third-party.

Phillips, Hoffman & Phillips, Milwaukee, Wis., for Warren Clough.

Kivett & Kasdorf, Milwaukee, Wis., for State Farm Mutual.

### DECISION ON MOTION

MYRON L. GORDON, District Judge.

This action is one for personal injuries allegedly suffered by the plaintiff, Bon-

nie L. Clough, arising from an automobile-truck collision on March 30, 1964 in Milwaukee, Wisconsin. Bonnie Clough was a passenger in an automobile driven by her husband, Warren Clough, which collided with a truck driven by William R. Franz, an employee of Hillside Transit Co., Inc. Hillside Transit Company is insured by Liberty Mutual Insurance Company.

The plaintiff instituted this action directly against Franz, Hillside Transit, and Liberty Mutual. By way of third-party complaint, the defendants joined Warren Clough and his insurer, State Farm Mutual Insurance Co., as third-party defendants, alleging joint causal negligence and seeking contribution for any amount of damages awarded to the plaintiff.

The pleadings indicate that Bonnie and Warren Clough are residents of Indiana; that Franz and Hillside Transit are Wisconsin residents; that Liberty Mutual is a Massachusetts corporation, licensed to do business in Wisconsin, and that State Farm Mutual is an Illinois corporation.

The third-party defendant, State Farm, has moved for a summary judgment pursuant to rule 56, Federal Rules of Civil Procedure, on the ground that Mr. Clough's insurance policy contains a "household exclusion" clause which is valid in Indiana, and that by reason thereof, State Farm is not liable for any injuries sustained by "any member of the family of the insured residing in the same household as the insured." There is no dispute that Mr. and Mrs. Clough reside in the same household. Warren Clough has joined with the plaintiff and the defendants in opposition to this motion. Their opposition is based on the contention that Wisconsin, rather than Indiana, law is applicable, and that household exclusion clauses are void in Wisconsin. Wis.Stats. Sec. 204.30(3); Sec. 204.34(2) (1965).

Those opposing State Farm's motion argue that Indiana is not a truly concerned jurisdiction and therefore, Wisconsin law presumptively applies. An examination of the contacts and their relative importance in light of the interests of the competing jurisdictions leads this court to the conclusion that a true conflict exists between the law of Indiana and Wisconsin with respect to the validity of the household exclusion clause.

The pleadings indicate numerous contacts with Indiana. On the other hand, the accident occurred in Wisconsin, and the defendants, Franz and Hillside Transit, are Wisconsin residents. Liberty Mutual is a foreign corporation licensed to do business in Wisconsin. Each state has significant contacts and important policies which might be furthered by the application of its law to the case at bar.

Indiana might well desire that automobile insurance contracts entered into between its residents and insurance companies licensed to do business in that state will be honored, regardless of where an accident occurs. "Predictability is one of the choice-influencing considerations that deserves special emphasis in *consensual* arrangements." Heath v. Zellmer, 35 Wis.2d 578, 596, 151 N.W.2d 664, 672 (1967).

Wisconsin is likewise interested in preserving its policy of providing compensation to the injured, irrespective of their residence. Heath v. Zellmer, supra, at p. 601, 151 N.W.2d 664. In addition, Wisconsin is vitally concerned with enforcing its policy of spreading the risk, i. e., contribution between joint tortfeasors.

In *Heath*, the court recited certain choice-influencing factors to determine "the most significant relationship"; predictability of results; maintenance of interstate and international order; simplification of the judicial task; advancement of the forum's governmental interests; and application of the better rule of law. See Wilcox v. Wilcox, 26 Wis. 2d 617, 133 N.W.2d 408 (1965). Subsequently, in Zelinger v. State Sand and Gravel Co., 38 Wis.2d 98, 156 N.W.2d 466 (1968), the court reiterated the guidelines established by *Heath*, and then went on to say, at p. 469:

"All these guides should be considered in each case regardless of its area in

the law and their relative importance will vary according to the precise issue involved."

At p. 471, the court added: "The most relevant factors, as in *Heath*, are the advancement of the forum state's interest and the better law considerations."

The *Heath* Case and the *Zelinger* Case serve to emphasize the great importance that Wisconsin attaches to its law of contribution and to its concomitant policies of spreading the risk of loss and compensating victims injured in Wisconsin. In *Heath* the Wisconsin court refused to apply the Indiana host-guest statute which required gross negligence on the host's part before the guest could sue him. Application of this law would have precluded the defendant's third-party complaint for contribution.

*Zelinger* is even more pointedly applicable to the case at bar. There, the third-party defendants demurred to the third-party complaint on the ground that Illinois law applied and under that law interspousal immunity barred contribution. In addition, the third-party defendants attempted to invoke a household exclusion clause which was valid in Illinois. With respect to the latter argument, the court observed at p. 471:

> "The private contract of one tortfeasor with his insurance company should not determine whether a third party should recover contribution."

With respect to interspousal immunity, the Wisconsin court concluded that notwithstanding Illinois' policy, Wisconsin's policy of spreading the risk takes precedence.

I am of the opinion that Wisconsin law should be applied in this case. Mr. Clough's private contract with State Farm should not govern the rights of the defendants with respect to contribution. Wisconsin's policy of spreading the risk is not to be ignored in light of recent state supreme court pronouncements.

State Farm cites *Pirc v. Kortebein*, 186 F.Supp. 621 (E.D.Wis.1960) for the proposition that a household exclusion clause may be used as a defense in a Wisconsin court. *Pirc* was decided before Wisconsin adopted the "significant contacts" approach, and for that reason it is inapposite to the case at bar.

It is ordered that the third-party defendant's motion for summary judgment be and hereby is denied.