878

Russell F. KORTH, in his own right and as Administrator of the Estate of Corrine Ann Korth, Deceased, Plaintiff,

v.

Roy D. MUELLER, Nelson Tire Company and United States Fire Insurance Company, a foreign insurance corporation, Defendants.

UNITED STATES FIRE INSURANCE COMPANY, Third-Party Plaintiff,

v.

COUNTRY MUTUAL INSURANCE COMPANY and Economy Fire & Casualty Company, Third-Party Defendants.

No. 69–C–83.

United States District Court,
W. D. Wisconsin.

March 26, 1970.

George McD. Schlotthauer, Madison, Wis., for plaintiff.

Arnold Wightman, Madison, Wis., for all defendants and third-party plaintiff.

Frank M. Coyne, Madison, Wis., for third-party defendant Economy Fire.

Thomas Godfrey, Elkhorn, Wis., for third-party defendant Country Mutual.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

This action for personal injuries and wrongful death was commenced in state court and removed to this court on the basis of diversity of citizenship. It arises from an automobile-truck collision in Dane County, Wisconsin, on September 18, 1968.

From the uncontroverted allegations of the pleadings and affidavits herein, I find that Russell Korth, the plaintiff, is a resident of Illinois; that Korth was the driver of and his wife Corrine a passenger in the automobile involved in said collision; that Korth brings this action on his own behalf and as administrator of the estate of his deceased wife Corrine, who died as the result of injuries allegedly received in said collision; that defendant Mueller is a resident of Wisconsin and was the operator of the truck involved in said collision; that defendant Nelson Tire Company is a Wisconsin corporation and was the owner of the truck involved in said collision; and that defendant United States Fire Insurance Company (U.S. Fire) is a New York insurance corporation, licensed to do business in Wisconsin, which at the time of the accident herein had in effect a policy of liability insurance on the vehicle owned by Nelson Tire Company and driven by Mueller.

After plaintiff commenced this suit in state court against Mueller, Nelson, and U.S. Fire, U.S. Fire filed a third party complaint against third party defendants Country Mutual Insurance Company (Country Mutual) and Economy Fire and Casualty Company (Economy). Each company had in effect a policy of automobile liability insurance with plaintiff Korth at the time of the accident herein. Both companies are Illinois insurance corporations. Economy is licensed to transact business in Wisconsin; Country Mutual is not. However, Country Mutual has on file in Wisconsin a resolution and power of attorney appointing the Department of Transportation as its attorney-in-fact to accept service of process in its behalf. Country Mutual was the party who obtained the removal of this cause from the state court.

The complaint herein alleges that defendant Mueller's negligence caused the accident, which allegedly resulted in injuries to plaintiff and his wife and in the wife's ultimate death. By its third party claim, Mueller's insurer, U.S. Fire, seeks contribution from plaintiff's insurers on the basis of plaintiff's liability to his wife's estate and on the ground that plaintiff was himself negligent.

Plaintiff's insurers, third party defendants Country Mutual and Economy, have moved for summary judgment dismissing the third party complaint on several grounds. Economy asserts one ground; Country Mutual asserts three grounds, one of which is the same as the ground asserted by Economy.

## INTERSPOUSAL IMMUNITY

The ground asserted by both Economy and Country Mutual is this: for U. S. Fire to have the right of contribution from Korth's insurers there must be an underlying liability of Korth to his wife's estate for any negligence attributable to him, Grant v. Asmuth, 195 Wis. 458, 218 N.W. 834 (1928); no such lia-

bility of Korth to his wife's estate can exist because Illinois law is applicable to the tort aspects of this case; and Illinois law does not permit a husband or wife to sue the other for a tort committed during coverture.

Wisconsin, unlike Illinois, permits a wife to sue her husband in tort. See § 246.07, Wis.Stats.; Wait v. Pierce, 191 Wis. 202, 209 N.W. 475, 210 N.W. 822 (1926). Thus, whether Illinois or Wisconsin law should be applied becomes the determining question.

The conflict of laws question arising here has been considered several times by the Wisconsin Supreme Court and by federal courts in Wisconsin. See, e.g., Zelinger v. State Sand & Gravel Co., 38 Wis.2d 98, 156 N.W.2d 466 (1968); Clough v. Liberty Mutual Insurance Co., 282 F.Supp. 553 (E.D.Wis.1968); Magid v. Decker, 251 F.Supp. 955 (W.D.Wis. 1966).

Wisconsin's choice-of-law rule in an interspousal immunity situation was once clear: the law of the state of domicile governed the capacity of one spouse to sue the other in tort. Haumschild v. Continental Casualty Co., 7 Wis.2d 130, 95 N.W.2d 814 (1959); Haynie v. Hanson, 16 Wis.2d 299, 114 N.W.2d 443 (1962). In Castonzo v. General Casualty Company, 251 F.Supp. 948 (W.D.Wis. 1966), and Magid v. Decker, *supra*, I considered the effect of Wilcox v. Wilcox, 26 Wis.2d 617, 133 N.W.2d 408 (1965) on this rule. I concluded that *Wilcox* had somewhat modified the Wisconsin choice-of-law rule and that the law of the domicile was not to be automatically applied whenever an interspousal immunity question arose. I stated in *Magid*,

"that the issue of interspousal immunity is not to be distinguished from other issues in this respect: that the choice of the law to be applied to this issue, as to others, is to be made after a qualitative analysis of the contacts with the states involved in light of their respective policies." 251 F.Supp. at 959.

In Heath v. Zellmer, 35 Wis.2d 578, 151 N.W.2d 664 (1967), the Supreme Court of Wisconsin further refined its conflict of laws analysis in tort cases by adopting five choice-influencing factors for use in resolving choice-of-law problems. These are as follows:

"Predictability of results;

"Maintenance of interstate and international order;

"Simplification of the judicial task;

"Advancement of the forum's governmental interests;

"Application of the better rule of law." *Heath, supra*, 35 Wis.2d at 596, 151 N.W.2d at 672.

■ In a diversity case this court is obliged to follow the Wisconsin choice-of-law rule. Klaxon Co. v. Stentor Electric Mfg. Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The five factors which control the application of that rule have been extensively discussed by the Wisconsin Supreme Court in cases such as *Zelinger, supra*, and Conklin v. Horner, 38 Wis.2d 468, 157 N.W.2d 579 (1968), and I will not undertake to review that discussion. It is sufficient to note that Wisconsin has applied its new choice-of-law rule in factual situations identical to that at bar and has concluded that Wisconsin law should apply to the tort aspects of a case involving an interspousal immunity question.

*Zelinger, supra*, involved Illinois plaintiffs suing in Wisconsin for an accident which occurred in Wisconsin. The defendant was apparently insured under a policy issued in Wisconsin and his insurer sought contribution from one of plaintiffs' insurers. The Illinois interspousal immunity law was applied by the trial judge to defeat the claim for contribution. The Wisconsin Supreme Court reversed, holding that Wisconsin law should apply. The "most relevant factors" in its decision were that application of Wisconsin law would serve "advancement of the forum state's interest and the better law considerations." 38 Wis.2d at 110, 156 N.W.2d at 471.

In Urhammer v. Olson, 39 Wis.2d 447, 159 N.W.2d 688 (1968), a husband and wife, residents of Minnesota, were involved in an accident in Wisconsin with a Wisconsin driver. The wife sued the Wisconsin driver and his insurance company for his alleged negligence. The Wisconsin driver's insurance company impleaded the husband and his insurer. The Wisconsin Supreme Court held that "Wisconsin law clearly governs the tort aspects of this controversy," citing *Zelinger, Conklin* and *Heath, supra.* 39 Wis.2d at 449, 159 N.W.2d at 689.

The relevant facts in the case at bar are indistinguishable from the situations in *Zelinger* and *Urhammer, supra.* Here too the accident occurred in Wisconsin, the individual defendant was a resident of Wisconsin, the plaintiff was a resident of another state, the defendant's insurance policy was issued in Wisconsin, and the plaintiff's insurance policy was issued in another state.

█ Accordingly, I conclude that Wisconsin law governs the tort aspects of this case. The motion for summary judgment by Country Mutual and Economy Fire, insofar as it is based on the Illinois interspousal immunity doctrine, will be denied.

### "NO-ACTION" CLAUSE

█ Third party defendant Country Mutual also contends that the third party complaint should be dismissed as to it because Country Mutual's policy of automobile liability insurance contains a provision that no action can be commenced against it until the insured has been found liable.

"Such no-action clauses usually provide that no action shall lie against the insurer until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured or by written agreement of the insured, the claimant, and the insurer. Thus a no-action clause is not an absolute bar to action against the company, but only a bar to an action prematurely

brought. For this reason our court has held that a defense by an insurer grounded on a no-action clause constitutes a plea in abatement." Attoe v. State Farm Mut. Automobile Ins. Co., 36 Wis.2d 539, 544, 153 N.W.2d 575, 578 (1967).

Third party plaintiff U.S. Fire argues that Country Mutual has waived its right to assert the no-action clause. Such waiver occurred, U.S. Fire contends, because neither Country Mutual's answer nor its amended answer and plea in bar set forth a plea in abatement based upon the no-action clause. The record herein contains a document filed by Country Mutual entitled "Amended Answer and Plea in Bar." No copy of the original answer, if such was ever filed in the state court before removal, is in the record.

Country Mutual's "amended answer" does not specifically state that it is relying on its no-action clause; the answer (paragraph 8) contains only a general allegation that the policy "contained limits as to liability and as to coverage and for that reason the liability of this defendant is limited because of the terms and conditions of its policy."

Under Wisconsin law it is clear that Country Mutual has waived its defense based on the no-action clause. The Wisconsin Supreme Court stated in *Attoe, supra:*

"We hold that where an insurer by its answer defends on the merits without interposing a plea in abatement grounded on a no-action clause, or engages in other conduct which is inconsistent with reliance on the defense of the no-action clause, the insurer has waived such defense and will not be permitted to later interpose it." 36 Wis.2d at 544, 153 N.W.2d at 578.

A plea of abatement has been defined as follows:

"A plea in abatement sets forth facts extrinsic to the merits which affect only the manner in which the action is framed or the circumstances under which it is sought to be prosecuted.

It does not destroy the right of action but merely suspends or postpones its prosecution." United States v. Brodson, 234 F.2d 97, 99 (7th Cir. 1956).

It is unclear whether a plea in abatement must be raised separately in Wisconsin or whether it can be raised as part of the answer. It is also unclear whether the requirement that a defense based on a no-action clause be raised by a plea of abatement is a rule of substantive Wisconsin law, binding on this court under the rule of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), or whether it is only a procedural rule. If it is a substantive rule, I am bound to follow the rationale of *Attoe, supra,* and to conclude that Country Mutual has waived the no-action clause defense. If it is a procedural rule, and if federal law therefore applies, I consider it a good rule that a party waives a policy defense by not raising it in his answer, thereby failing to give the opposing party notice that he intends to rely on a defense in the insurance policy. I do not consider paragraph 8 of Country Mutual's answer, which contained a general allegation that liability is limited under the policy, as sufficient to give notice that the no-action clause is being invoked.

Accordingly, the motion for summary judgment by Country Mutual, insofar as it is based on the no-action clause in the insurance policy, will be denied.

"HOUSEHOLD EXCLUSION"
CLAUSE

Country Mutual's final contention is that the third party complaint should be dismissed as to it because Country Mutual's policy of automobile liability insurance contains a so-called "household exclusion" clause. The policy is part of the record herein and this clause provides:

"This policy does not apply under Section 1 [liability]:

" *   *   *

"to bodily injury sustained by the Named Insured or his Dependent Relatives."

The policy defines "dependent relatives" as including the spouse of an insured.

Country Mutual, as plaintiff's insurer, argues that it can be liable in this action only if plaintiff (the husband) can be found liable to his wife (or her estate), and if by reason of the insurance contract between Country Mutual and the husband, Country Mutual has contracted to insure the husband against such liability. From the household exclusion clause it would appear that Country Mutual has not contracted to insure the husband from liability to his wife. The question, then, is whether this clause should not be given effect for some reason.

Third party plaintiff U.S. Fire contends that the household exclusion clause is inapplicable for two reasons: first, because Wisconsin law should be applied to the insurance contract to hold such clause invalid; secondly, because the filing by Country Mutual of a resolution and power of attorney appointing the Wisconsin Department of Transportation as its attorney-in-fact to accept service on its behalf constituted a waiver of the household exclusion clause.

■ With respect to third party plaintiff's contention that Wisconsin law should apply to the contract, it is true that Wisconsin law invalidates household exclusion clauses in automobile insurance contracts. Section 204.34(2), Wis. Stats. However, § 204.34 applies only to insurance contracts issued in Wisconsin. From the record herein, it appears that Country Mutual issued its policy to Korth in Illinois, that both Korth and Country Mutual are residents of Illinois, and that the policy was intended to cover vehicles normally garaged and operated in Illinois. On similar facts, I concluded in Ford v. Graf, 279 F.Supp. 692, 694 (W.D.Wis.1968), that,

"no express authority extend[s] Wisconsin's public policy to exclusion clauses in insurance contracts issued outside Wisconsin. I cannot agree that Wisconsin has declared a public policy against family exclusion clauses in out-of-state insurance contracts."

Third party plaintiff relies on Clough v. Liberty Mutual Insurance Co., *supra*. It is true that the federal court there held that a household exclusion clause in an out-of-state policy did not defeat a defendant Wisconsin insurer's right to contribution. The court apparently placed strong reliance on the following statement of the Wisconsin Supreme Court in *Zelinger, supra*:

"The private contract of one tortfeasor with his insurance company should not determine whether a third party should recover contribution." 38 Wis.2d at 109, 156 N.W.2d at 471.

Subsequent to *Clough* and *Zelinger*, the uncertainty over the validity of household exclusion clauses in foreign insurance contracts was laid to rest by the decision in Urhammer v. Olson, *supra*. The validity of household exclusion clause in a Minnesota automobile insurance contract was at issue there. The Wisconsin Supreme Court stated:

"We now adopt the grouping-of-contacts approach for the resolution of conflicts questions pertaining to the validity and rights created by the provisions of a disputed contract.

"Under the grouping-of-contacts theory it is clear that the significant contacts, both quantitatively and qualitatively, are with Minnesota. Here the negotiations over the contract were undertaken in Minnesota; the domicile of the parties is Minnesota; the policy was entered into, issued and delivered in Minnesota; premiums were paid and claims filed in Minnesota and the vehicle involved was licensed and garaged in Minnesota. There are no significant contacts with Wisconsin. While the appellants correctly state that the place of the accident and the residence of one defendant and his insurance carrier are in Wisconsin, these factors, though relevant to the tort aspects of this case, have nothing to do with the contract question. Certainly one would not argue that the policy limits in this contract would change when state lines are crossed. Likewise, the other contractual relations, bargained and agreed to by the Minnesota contracting parties, should not change." 39 Wis.2d at 450–451, 159 N.W.2d at 689–690.

■ I summarized the facts of *Urhammer* earlier in this opinion and concluded that those facts present the same situation now presented by this action.

I hold that Illinois law governs the validity and construction of the household exclusion clause contested herein; that third party defendant Country Mutual may assert this clause as a defense to its liability therein; and that such clause is valid.

I consider now the third party plaintiff's second contention in opposition to the motion for summary judgment based on the household exclusion clause: that Country Mutual has waived its right to rely on the household exclusion clause because of the resolution and power of attorney it has filed in this state. This contention, although not so stated, is apparently based on the theory that Country Mutual, by filing the resolution and power of attorney, agreed that the terms of its policies should be varied to comply with Wisconsin laws relating to what terms are permissible in a motor vehicle liability policy.

First, the resolution and power of attorney filed by Country Mutual are not a part of the record herein. Thus I cannot properly consider whether, by the terms of such resolution or power of attorney, Country Mutual has agreed that its policies issued outside of Wisconsin shall be construed in accordance with Wisconsin law, which prohibits household exclusion clauses in automobile liability policies.

Secondly, even if the record did contain a copy of the resolution and power of attorney, and if such documents contained language indicating that Country Mutual agreed to a Wisconsin-law interpretation of its out-of-state contracts, it is doubtful that a waiver of the household exclusion clause in this particular

contract could be found, because Country Mutual has not filed an SR–21 form. Ford v. Graf, *supra*, 279 F.Supp. at 696.

■ In Perlick v. Country Mutual Casualty Co., 274 Wis. 558, 80 N.W.2d 921 (1957), the Wisconsin Supreme Court found a waiver of a household exclusion clause on the basis of a filed resolution, power of attorney and SR–21. The court added, however:

"We do not pass on the question whether the filing of only the power of attorney and resolution would have effected a waiver, or whether the filing of the SR–21 is essential to a waiver, as held in Petrowski v. Hawkeye-Security Ins. Co., 7 Cir., 226 F.2d 126." 274 Wis. at 569, 80 N.W.2d at 927.

For the reasons stated above and on the basis of the entire record herein, it is ordered:

1) that the motion of third party defendant Economy Fire & Casualty Company for summary judgment dismissing the action against it is hereby denied;

2) that the motion of third party defendant Country Mutual Insurance Company for summary judgment dismissing the action against it is hereby granted.