**MILWAUKEE DEUTSCHE ZEITUNG, INC., Plaintiff,**

v.

**ETHNIC AMERICAN PRESS, INC., et al., Defendants.**

**No. 71-C-244.**

United States District Court, E. D. Wisconsin.

Oct. 19, 1971.

Robert K. Steuer and George G. Lorinczi, Milwaukee, Wis., for plaintiff.

Coffey, Lerner & Murray, by Robert J. Lerner, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff has moved for an order setting aside the service of the summons and complaint upon one of the defendants, Jerome Ravin. Mr. Ravin, like the plaintiff, is a citizen of the state of Wisconsin, and, thus, his presence would foreclose diversity jurisdiction under 28 U.S.C. § 1332. Metropolis Theater Co. v. Barkhausen, 170 F.2d 481, 484 (7th Cir. 1948).

█ A federal court may drop a defendant who is not an indispensable party in order to retain diversity jurisdiction. Kerr v. Compagnie De Ultramar, 250 F.2d 860, 863 (2d Cir. 1958). See also Magid v. Decker, 251 F.Supp. 955 (W.D.Wis.1966). Is Mr. Ravin an indispensable party? The plaintiff contends in its brief that:

"It is apparent that complete relief can be afforded the plaintiff without the presence of Jerome Ravin in this lawsuit. Mr. Ravin is no longer in the employ of American Ethnic Press and his activities are of no further interest to the plaintiff."

On the other hand, the defendants urge that Mr. Ravin's presence is, in fact, indispensable; they point out:

"* * * While Mr. Ravin is no longer an employee of the corporate defendant, the sole basis of this law suit involves activities of Mr. Ravin as an employee of the corporate defendant and his presence is required so that a final judgment could be entered which would do justice to the plaintiff and all of the defendants, including Mr. Ravin. Unless he is joined there is a great danger and likelihood of a multiplicity of suits involving the controversy now before the Court."

█ Upon the very limited evidence that is now before the court, it is difficult to tell whether the plaintiff or the defendants are correct regarding Mr. Ravin's indispensability. The complaint itself leads me to the conclusion that the plaintiff's contention cannot be supported. There is nothing in the complaint which suggests that Mr. Ravin's conduct was any less significant or vital than that of the other two defendants. See particularly paragraph 17 of the complaint. Thus, I conclude that while the court has the power to drop a named defendant in order to preserve its diversity jurisdiction, the plaintiff's motion should not be granted for the reason that Mr. Ravin has not been shown to be dispensable as a party in this case.

Now, therefore, it is ordered that the plaintiff's motion to set aside the service of the summons and complaint upon Mr. Ravin be and hereby is denied.